***Deborah Hiob, et al. v. Progressive American Insurance Company, et al.***
No. 4, September Term 2014


**Appeals – Entry of Final Judgment – Separate Document Requirement.** Under Maryland Rule 8-202(a), a notice of appeal must ordinarily be filed within 30 days of the entry of a final judgment. Under Maryland Rule 2-601, which governs the entry of judgment, a final judgment must be set forth in a separate document signed by the judge or the clerk and must be entered on the court docket. A stipulation of voluntary dismissal between one plaintiff and one defendant in a multi-party case, not signed by a judge or clerk and docketed as "Voluntary Dismissal (Partial)," did not satisfy that requirement, even though it resolved the remaining claim in the case after the court had awarded summary judgment as to the plaintiffs' claims against the co-defendant in an earlier and previously docketed order. The requirements of Rule 2-601 were satisfied only when the Circuit Court subsequently signed an order that incorporated the summary judgment ruling into a final judgment and that order was entered on the docket. A notice of appeal filed between the signing and the docketing of that order was timely under the savings provision of Maryland Rule 8-602(d), which deems a notice of appeal filed after the rendering of a judgment, but before its docketing, as filed on the same day but after entry of the final judgment.

Circuit Court for Baltimore County
Case No. 03C08002145
Argued: September 10, 2014

IN THE COURT OF APPEALS
OF MARYLAND

No. 4

September Term 2014

_____

DEBORAH HIOB, ET AL.

V.

PROGRESSIVE AMERICAN INSURANCE
COMPANY, ET AL.

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Raker, Irma S. (Retired,
   Specially Assigned),

JJ.

_____

Opinion by McDonald, J.

_____

Filed: November 20, 2014

It is said, in many contexts, that timing is everything. This case involves an important question of timing for an appellate lawyer – the time to appeal.

A trial court's decision may take many forms – for example, a jury verdict, an oral ruling from the bench, a written opinion, a simple order. If there are multiple claims or multiple parties, there may be several decisions at different times that resolve the case episodically. When must a disappointed litigant commence an appeal of an adverse decision?

The time to appeal must accommodate competing values. On the one hand, appellate review advances the interest in ensuring that judicial decisions are consistent and correct. On the other hand, it is also important that a judicial decision be certain – in other words, that there is an end to the process of review. Accordingly, the path to appellate review should be clear and well-marked, but the time for filing an appeal should be finite and well-defined.

The statutes and rules governing appellate review reflect those principles. The Legislature has limited appellate jurisdiction largely to review of "final judgments" of the trial courts. This Court has implemented that jurisdiction, setting time limits by rule and, to some extent, by case law. Under Maryland Rule 8-202(a), a "notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken." The date of "entry of judgment" is determined under Maryland Rule 2-601. Under that rule, a final judgment is not effective unless it is set forth on a "separate document" consistent with Rule 2-601(a) and is entered on the docket consistent with Rule 2-601(b). The date on which the separate document is docketed triggers the 30-day deadline for filing a notice of appeal under Rule 8-202(a). This case

concerns what qualifies as a "separate document" that, upon its docketing, starts the 30-day clock for filing a notice of appeal.

This case involves several plaintiffs and two defendants. All of the plaintiffs asserted claims against the first defendant; one plaintiff asserted a claim against the second defendant. The Circuit Court awarded summary judgment in favor of the first defendant against all of the plaintiffs – a decision that was indisputably *not* a final judgment as it did not resolve the claim against the co-defendant. More than a year later, the claim as to the remaining co-defendant was voluntarily dismissed by means of a stipulation of dismissal. When the plaintiffs then sought to appeal the earlier adverse summary judgment ruling, the question arose as to whether the stipulation of dismissal satisfied the separate document requirement of Rule 2-601. If so, the notice of appeal was untimely as it was filed more than 30 days after the docketing of the stipulation of dismissal.

We hold that the stipulation of dismissal did not satisfy the requirements of Rule 2-601 for a separate document. The stipulation of dismissal was not in the form of a judgment, was not signed by either the judge or the clerk as required by the rule, and was not docketed consistent with the rule. Accordingly, its docketing did not trigger the time for filing an appeal of the order awarding summary judgment.

# I

## Entry of Judgment - The Separate Document Requirement

The separate document requirement was added to Maryland Rule 2-601 in 1997 when it was imported into that rule from federal appellate practice.[1] To fully understand the purpose and meaning of that requirement in Rule 2-601, it is instructive to review briefly the model on which it was based.

### A. *The Model – Federal Rule of Civil Procedure 58*

#### 1. 1963 - Adoption of Separate Document Requirement

During the middle of the last century, there was confusion in the federal courts as to what constituted an effective final judgment[2] and when the time for filing an appeal began – confusion that sometimes resulted in the inadvertent loss of the right to appellate review. (As we shall see below, similar confusion reigned in the Maryland state courts). In particular, it was often unclear whether a judge's opinion or written memorandum constituted an effective final judgment and whether a docket entry corresponding to the opinion or memorandum started the time for filing an appeal under the federal rules. This confusion caused "inequities … when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry

---

[1] *See* Rules Order dated April 8, 1997, making the amendment of Rule 2-601 effective October 1, 1997, 24:9 Md. Reg. 649 (April 25, 1997).

[2] As in Maryland, federal appellate jurisdiction generally turns on whether there is a final judgment. *See* 28 U.S.C. §1291.

had been the judgment and dismiss the appeal as untimely." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 (1978) (*per curiam*).

In order to eliminate these uncertainties and inequities, the federal rule governing entry of judgment was amended in 1963 to require that "there be a judgment set out on a separate document – distinct from any opinion or memorandum – which provides the basis for the entry of judgment." Advisory Committee Note on 1963 Amendments to Rule 58 of the Federal Rules of Civil Procedure. The separate document requirement was explicitly designed to avoid confusion when more than one docket entry or order could be interpreted as a final judgment. *Id*. The new requirement was intended to "make clear that a party need not file a notice of appeal until a separate judgment has been filed and entered." *Bankers Trust*, 435 U.S. at 384; s*ee also* 11 Wright, Miller & Kane, et al., Federal Practice & Procedure Civ. §2781 (3d ed.) (two distinct acts must coincide before there is an effective judgment: the rendition of the judgment must be set forth on a separate document and the judgment must be entered properly on the docket).

## 2. Mechanical Application Favoring Preservation of Appeal Rights

Two principles have guided the application of the separate document requirement in the federal courts. First, in order to provide the desired clarity, the "separate-document rule must be 'mechanically applied' in determining whether an appeal is timely." *Bankers Trust*, 435 U.S. at 386 (quoting *United States v. Indrelunas*,

4

411 U.S. 216 (1973)).[3] In *Indrelunas*, the United States Supreme Court recognized that the separate document requirement "would be subject to criticism for its formalism were it not for the fact that something like this was needed to make certain when a judgment becomes effective." 411 U.S. at 220 (quoting 6A J. Moore, Federal Practice 58.04 (1972)).

Second, because the rule "is not designed as a trap for the inexperienced," it is to be interpreted to preserve the right to an appeal. *Bankers Trust*, 435 U.S. at 386-87. Thus, the mechanical application of the requirement is relaxed only when it will prevent the loss of a right of appeal. *Id.* In that regard, the Supreme Court in *Bankers Trust* held that the separate document requirement could be waived to allow an appeal when the lack of a separate document did not mislead or prejudice a party. *Id.*; *see also Fiore v. Washington County Community Mental Health Center*, 960 F.2d 229, 235 (1st Cir. 1992) (Rule 58's "hypertechnicality" would be relaxed only to save an appeal);

---

[3] *See also In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008) (rule is a technical one, but must be applied mechanically when doing so is required to preserve an appeal); *In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 243 (3d Cir. 2006) (appeal was timely because purported separate document not clearly a judgment, as opposed to a memorandum, when it contained a recitation of the facts); *Wang Laboratories, Inc. v. Applied Computer Sciences, Inc.*, 926 F.2d 92, 96 (1st Cir. 1991) (appeal was timely under a mechanical application of Rule 58 because party is not required to appeal from a judgment not set out in a separate document); *Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47, 51 (7th Cir. 1986) (*per curiam*) (under a mechanical application, the docket entry must clearly indicate the day the judgment is entered before the time for filing an appeal begins); *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 689 (4th Cir. 1978) (although it appears "pedantic," under the mechanical application of the rule, an order of dismissal tacked onto the end of an opinion, no matter how explicit, is not a separate document).

*Hummer v. Dalton,* 657 F.2d 621, 624 (4th Cir. 1981) (Rule 58 should be interpreted to prevent loss of the right of appeal) (citations omitted).[4]

## B.     Adoption of the Requirement in the Maryland Rules

### 1.     Confusion about Timing of Entry of Judgment

As in the federal courts, appellate jurisdiction in Maryland is ordinarily limited to review of final judgments. *See* Maryland Code, Courts & Judicial Proceedings Article ("CJ"), §12-301.[5]  Prior to the adoption of the separate document requirement in the Maryland Rules, there was some uncertainty concerning the timing of entry of a final judgment.  For example, confusion arose when a docket entry stated that judgment had been entered but other circumstances indicated that the judge had not intended to issue a judgment, or when the judge intended to render a final judgment

---

[4] This approach opened up the possibility that the time to appeal might continue indefinitely if a court failed to enter judgment in a separate document. *See McCalden v. California Library Ass'n, Inc.*, 955 F.2d 1214, 1219 (9th Cir. 1992) (*en banc*) (appeal was timely because trial court's failure to enter judgment on separate document meant that "the time for appeal never began to run").  In 2002, Rule 58 was amended to provide an alternate date for entry of judgment when the separate document was delayed or forgotten.  The amended rule provides that, when a separate document is required, the judgment is deemed entered as of the earlier of the time that (1) it is set out in a separate document or (2) 150 days have elapsed from the recording of the judgment on the docket.  Rule 58(c)(2) of the Federal Rules of Civil Procedure.

[5] There are, of course, exceptions to this general rule.  *See, e.g.,* CJ §12-303 (allowing appeals from certain interlocutory orders); *In re Foley*, 373 Md. 627, 633-34, 820 A.2d 587 (2003) (collateral order doctrine).  Also, if a circuit court expressly finds that "there is no just reason for delay" it may direct entry of a final judgment as to fewer than all of the claims or parties. Maryland Rule 2-602(b); *see also* Maryland Rule 8-602(e) (appellate court may enter final judgment if circuit court had discretion to do so under Rule 2-602(b)).  There are similar exceptions in federal appellate jurisdiction.

but the docket entry stated otherwise.[6] This uncertainty could occasionally result in an unwary appellant losing the right to appeal. *See* Minutes of the Standing Committee on the Rules of Practice and Procedure (October 8, 1993) at 11 (discussion concerning how, under Rule 2-601 prior to the 1997 amendments, an attorney might be unaware of the exact date of the judgment and as a result lose the opportunity to appeal).

### 2. 1997 - Amendment of Rule 2-601 to Require Separate Document

The revision of Rule 2-601 in 1997 was designed to alleviate much of this uncertainty. In drafting a revision to achieve clarity as to what is an effective judgment and when that judgment is entered, the Rules Committee patterned the amendment after the existing version of Rule 58 of the Federal Rules of Civil Procedure[7] which, as noted above, was designed to address similar confusion in the

---

[6] *See, e.g.*, *Waller v. Maryland National Bank*, 332 Md. 375, 379-80, 631 A.2d 447 (1993) (*per curiam*) (no judgment was issued despite judge's intention and parties' understanding that a final judgment had been issued, because docket indicated judgment was forthcoming); *Rohrbeck v. Rohrbeck*, 318 Md. 28, 39, 43, 566 A.2d 767 (1989) (docket entry stating "judgment entered" was not the entry of final judgment because the docket entry also indicated an order would follow); *Davis v. Davis*, 97 Md. App. 1, 627 A.2d 17 (1993) (oral pronouncement by judge combined with docket entry stating decree was "granted" did not actually grant the decree because judge had not intended to issue a final judgment).

[7] At the time the separate document requirement was imported to the Maryland Rules in 1997, the federal rule read, in relevant part:

> Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief

(continued...)

federal courts. The Reporter's Note that accompanied the proposed revisions of Rule

2-601 to the Court of Appeals noted that, in accordance with the Court's direction at

a rules hearing, the proposed amendments borrowed language from Rule 58, with style

changes, "to address the need for clear, complete, and precise judgments" by creating

a separate document requirement. *See* 134th Report of the Standing Committee on the

Rules of Practice and Procedure (October 31, 1996), 23:24 Md. Reg. 1665, 1667

(November 22, 1996). In the Reporter's Note to the amended rule, the Rules

Committee recommended that the Administrative Office of the Courts develop forms

of judgment similar to those used in the federal system. In an apparent response to

that suggestion, shortly after the adoption of the amendment, legal counsel to the

circuit court clerks circulated a memorandum with examples and directions, patterned

---

[7] (...continued)
> shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. *Every judgment shall be set forth in a separate document.* A judgment is effective only when so set forth and when entered as provided in Rule 79(a). ...

Rule 58 of the Federal Rules of Civil Procedure (1993) (emphasis added). Subsequent amendments of that rule in 2002 and 2007 elaborated and refined that requirement and made stylistic improvements in the language and format of the rule, including the addition of an alternative date for the entry of judgment when the separate document was delayed or overlooked. *See* footnote 4 above. The alternate method of computing the date of entry of judgment has not been incorporated into Rule 2-601.

after models used by the federal courts under Rule 58, for satisfying the separate document requirement. Memorandum of Assistant Attorney General Julia Freit to All Clerks of the Circuit Courts (June 19, 1997).[8]

### 3. Entry of Judgment under the Amended Rule

In its current form,[9] Rule 2-601 states as follows, with the language added by the 1997 amendments in italics:

**Rule 2-601. Entry of judgment.**

(a) *Prompt entry – Separate document*. *Each judgment shall be set forth on a separate document.* Upon a verdict of a jury or a decision by the court allowing recovery only of costs or a specified amount of money or denying all relief, the clerk shall forthwith *prepare, sign, and* enter the judgment, unless the court orders otherwise. Upon a verdict of a jury or a decision by the court granting other relief, the *court shall promptly review the form of the judgment presented and, if approved, sign it, and the clerk shall forthwith enter the judgment as approved and signed. A judgment is effective only when so set forth and when entered as provided in section (b) of this Rule.* Unless the court orders otherwise, entry of the judgment shall not be delayed pending determination of the amount of costs.

(b) **Method of Entry--Date of Judgment.** The clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall record the actual date of the entry. That date shall be the date of the judgment.

---

[8] In a decision issued several years after the amendment, this Court also provided an example of a form of judgment, also based on a federal model. *See* footnote 19 below.

[9] Amendments of the rule in 2001 and 2003 effected minor changes in language and in the source note to the rule, but do not bear on the question in this case.

**(c) Recording and Indexing.** Promptly after entry, the clerk shall (1) record and index the judgment, except a judgment denying all relief without costs, in the judgment records of the court *and (2) note on the docket the date the clerk sent copies of the judgment in accordance with Rule 1-324.*

As the above indicates, the 1997 amendments included several new requirements for the effective entry of judgment. First, as a result of those amendments, "[e]ach judgment shall be set forth on a separate document." This document must be separate from an oral ruling of the judge, a docket entry, or a memorandum.[10]

Second, the separate document is to be signed by either the judge or the clerk. Who must sign the document depends on the type of judgment. When there is a decision by the court denying all relief, the clerk shall "prepare, sign, and enter the judgment." Rule 2-601(a). More complex types of judgments require a signature by the judge. *Id.*[11]

---

[10] *See Tierco Maryland, Inc. v. Williams*, 381 Md. 378, 393, 849 A.2d 504 (2004) (oral pronouncement from bench did not satisfy Rule 2-601); *Taha v. Southern Management Corp.*, 367 Md. 564, 571, 790 A.2d 11 (2002) (judgment on jury verdict on less than all of the claims was not a final judgment and oral pronouncement from bench could not create a final judgment); *Allstate Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 363 Md. 106, 117 n.1, 767 A.2d 831 (2001) (after the 1997 amendments to Rule 2-601, a judgment cannot be attached to memorandum); *Byrum v. Horning*, 360 Md. 23, 28, 756 A.2d 560 (2000) (oral pronouncement from bench coupled with docket entries stating "judgment entered" was not sufficient to satisfy separate document requirement).

[11] During the discussion of the signature requirement in the Rules Committee, it was noted that the amendments made the clerk responsible for the judgment in simple cases, but that the judge must sign the judgment in more complicated cases. *See* Court of Appeals Standing Committee on Rules of Practice and Procedure Minutes (May 17, 1996) at 6.

Third, a judgment is effective – meaning that it triggers the time for filing an appeal – only if it is set forth in accordance with the requirements of Rule 2-601(a) and properly entered under Rule 2-601(b).[12]  *See Byrum*, 360 Md. at 31-33 (time for filing appeal did not begin when judge issued an oral decision from the bench dismissing a plaintiff because no separate document was issued or entered at that time).

In construing the separate document requirement of Rule 2-601, this Court has, unsurprisingly, employed the same principles as the federal courts in construing Rule 58 of the Federal Rules of Civil Procedure.  Like the federal courts, we have stated that the "separate-document rule must be mechanically applied in determining whether an appeal is timely." *Byrum*, 360 Md. at 32 (quoting *Bankers Trust*, 435 U.S. at 386). Compliance with Rule 2-601 is "not just a matter of complying with a hyper-technical rule." *Allstate Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 363 Md. 106, 117 n.1, 767 A.2d 831 (2001).  Instead, as in the federal courts, the mechanical application of the rule is necessary to fulfill its purpose of providing clear and precise judgments and to eliminate uncertainty as to when an appeal must be filed.  *Id.*

In addition, as in the federal courts, this requirement is interpreted in favor of the preservation of appeal rights.  In *Byrum,* this Court concluded that docket entries

---

[12] Rule 2-601(b) directs the clerk to enter judgment "by making a record of it … according to the practice of each court…."  The specific practices for making an entry listed in the rule – writing on a file jacket, on a docket within the court file, or in a docket book – are apparently obsolete as a result of the transition to electronic court records.  The Rules Committee has recently recommended an amendment of Rule 2-601(b) to reflect the use of the electronic case management system. *See* 186th Report of the Standing Committee on the Rules of Practice and Procedure (September 26, 2014), 41:21 Md. Reg. 1199, 1202-3, 1217-18 (October 17, 2014).

11

could not substitute for a separate document and start the time for appeal when such an interpretation would render the appeal untimely. 360 Md. at 32-33. The Court also rejected the argument that a litigant may waive Rule 2-601's separate document requirement when the waiver will cause the appeal to be untimely. *Id.* In a subsequent decision, the Court elaborated on this point and held that the parties may waive the separate document requirement under limited circumstances but only when a party is not prejudiced by the waiver. *Suburban Hospital, Inc. v. Kirson,* 362 Md. 140, 153-57, 763 A.2d 185 (2000). The Court cautioned that waiver of the separate document requirement under Rule 2-601 should not be interpreted to find that a party has filed an appeal late. *Id.*

## II

## The Hiobs v. Progressive and Erie

### *A.	Complaint and Separate Dispositions in the Circuit Court*

This action arises out of a fatal car accident and a dispute over uninsured motorist coverage under two insurance policies that covered occupants of one of the vehicles in the accident. In a complaint filed in the Circuit Court for Baltimore County in February 2008, Petitioners Deborah Hiob, Douglas Hiob, Margaret Nelson, and the personal representatives of Virginia Hiob and Laura Dusome (collectively the "Hiobs") brought an action for declaratory judgment against Respondent Progressive American Insurance Company ("Progressive") and Erie Insurance Exchange ("Erie").[13] All of the

---

[13] Erie is not a party to this appeal although, as will become apparent, the disposition of the case against it is central to the issue in this case.

Hiobs asserted claims against Progressive, but only the Estate of Virginia Hiob alleged a claim against Erie. The merits of these claims are not before us. The only issue is the timeliness of the appeal. Accordingly, we limit our discussion of the background to the procedural posture of this action.

In September 2009, the Circuit Court granted Progressive's motion for summary judgment and denied the Hiobs' motion for summary judgment, thereby resolving all of the claims against Progressive. The court issued a written order specifying the rights of the parties, which was entered on the docket on October 7, 2009. The court docket recorded no further activity in the case for the next 14 months.

On January 10, 2011, the Estate of Virginia Hiob and Erie filed with the Circuit Court a document entitled "Line of Dismissal" which stated that the personal representative of Virginia Hiob voluntarily dismissed with prejudice the action as to Erie. The Line of Dismissal was signed by the attorneys for the Estate of Virginia Hiob and Erie and was entered on the docket as "Voluntary Dismissal (Partial)" on January 10, 2011.

At the same time that the Line of Dismissal was filed, the Hiobs also filed a "Motion to Reduce Order of October 7, 2009 to Final Judgment," citing Rule 2-601 and noting that, with the dismissal of Erie, the interlocutory order as to Progressive could be made final. On February 8, 2011, the Circuit Court granted that motion and signed an order stating that "final judgment is entered." The order was not immediately docketed. On February 15, 2011 – before that order was docketed but 36 days after the Line of Dismissal had been docketed – the Hiobs filed a notice of appeal. Then, on

13

February 25, 2011, the clerk made a docket entry indicating that a final judgment had been issued.

## B.    *The Hiobs Appeal*

In its consideration of the Hiobs' appeal, the Court of Special Appeals did not reach the merits of the Circuit Court's award of summary judgment because it found that the appeal was untimely.  212 Md. App. 734, 71 A.3d 184 (2013).  In its opinion, the court first considered whether the separate dispositions as to two defendants could together constitute a final judgment.  It observed that this Court's decision in *Houghton v. County Commissioners of Kent County*, 305 Md. 407, 504 A.2d 1145 (1986) had approved the concept of "piecemeal judgments" and concluded that, although *Houghton* predated the 1997 amendment of Rule 2-601, its holding on piecemeal finality remained good law.  The intermediate appellate court then considered whether the Line of Dismissal as to Erie, in conjunction with the October 2009 order awarding summary judgment as to the claims against Progressive, together constituted a final judgment for purposes of Rule 2-601.  The court held that the Line of Dismissal was a judgment for purposes of Rule 2-601, relying on language from this Court's decision in *Tierco Maryland, Inc. v. Williams*, 381 Md. 378, 393, 849 A.2d 504 (2004), and that the docketing of the Line of Dismissal on January 10, 2011, was the date final judgment was entered in the action under Rule 2-601.  Accordingly, it held that the Hiobs' failure to file their notice of appeal within 30 days of that date doomed their appeal.  212 Md. App. at 748.

14

This Court granted certiorari to consider the application of Rule 2-601 in this context.

## III

## Discussion

Whether the Hiobs' notice of appeal concerning their claims against Progressive was timely turns on what satisfies the criteria for entry of judgment by a separate document under Rule 2-601(a). The critical question is whether the Line of Dismissal, in conjunction with the summary judgment order, satisfied the separate document requirement of Rule 2-601 for entry of final judgment and triggered the 30-day clock for filing a notice of appeal.

Progressive's argument in its brief to us can be interpreted in two ways: (1) the judgment in this case was the order of summary judgment as to the claims against Progressive, and the filing of the Line of Dismissal provided both finality and the separate document required for the entry of final judgment, or (2) the summary judgment order was a final order with its own separate document (the declaratory judgment), and the voluntary dismissal of the claim against Erie was a second and distinct judgment with its own separate document (the Line of Dismissal) that, when docketed, combined with the earlier summary judgment order to make a final, appealable judgment – a theory that would be based on the concept of "piecemeal judgments" articulated in *Houghton*.[14]

---

[14] It is not clear as to the extent to which Progressive actually advocates for this second theory, as it does not address *Houghton* in its brief to us.

In our view, the Line of Dismissal did not satisfy the separate document requirement and thus could not trigger the 30-day period for filing a notice of appeal as to the claims against Progressive because it did not provide a clear indication that judgment had been rendered, it did not comply with the plain language of Rule 2-601(a), and its accompanying docket entry did not satisfy Rule 2-601(b). We need not decide whether *Houghton's* acceptance of piecemeal judgments survives the 1997 amendment of Rule 2-601, as one of the necessary pieces was missing in any event.

Because the Line of Dismissal did not comply with Rule 2-601, a separate document was not rendered or entered until the clerk docketed the Circuit Court's February 8, 2011 order on February 25, 2011 – the earliest date on which the 30-day clock for filing a notice of appeal would have been triggered.[15] Although the Hiobs filed their notice of appeal *before* the order was docketed on February 25, 2011, it was timely under the savings provision of Rule 8-602(d).[16] Under that rule, a notice of appeal that

---

[15] The February 8 order stated that final judgment was entered in this case and incorporated the prior summary judgment order, but did not mention the voluntary dismissal as to Erie. The better practice would be to acknowledge the resolution of each claim in the separate document. The failure to mention all claims is not a jurisdictional error because the February 8 order and the voluntary dismissal as to Erie finally resolved all claims. Thus, when final judgment was entered on February 8, it was a final judgment in fact.

[16] In particular, Rule 8-602(d) states:

> **Judgment Entered After Notice Filed**. A notice of appeal filed after the announcement or signing by the trial court of a ruling, decision, order, or judgment but before entry of the ruling, decision, order, or judgment on the

(continued...)

16

is filed after a trial court announces or signs a ruling, but before the ruling is docketed, is deemed to have been filed on the same day, but after the entry of the ruling on the docket. As a result, such a notice of appeal is deemed to have been filed within the 30-day period established by Rule 8-202(a).[17]

### A. *Whether the Line of Dismissal Satisfies the Separate Document Requirement*

#### 1. The Separate Document is to be a Form of Judgment

As its title indicates, Rule 2-601 applies to the "entry of judgment." A threshold question is whether a voluntary dismissal by stipulation between the parties, although not a decision of the court, sets forth a "judgment" for purposes of Rule 2-601.

##### a. Characteristics of a judgment

The Maryland Rules define "judgment" as an "order of court final in nature entered pursuant to these rules." Maryland Rule 1-202(o). Prior to the current iteration of Rule 2-601, it was established that when "[r]ead in conjunction, Rule 1-202([o]) and 2-601 make clear that two acts must occur for an action by a court to be deemed the granting of a judgment[.]" *Jones v. Hubbard*, 356 Md. 513, 520, 740 A.2d 1004 (1999) (citing *Doehring v. Wagner*, 311 Md. 272, 533 A.3d 1300 (1987)). First,

---

[16] (...continued)
> docket shall be treated as filed on the same day as, but after, the entry on the docket.

[17] This rule is obviously designed to avoid creating a situation in which an appeal is dismissed as prematurely filed and remanded for the sole purpose of docketing the judgment and re-filing the notice of appeal. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 (1978) (characterizing a similar possible scenario in federal appellate procedure as one in which "[w]heels would spin for no practical purpose").

there must be a rendition of the judgment by the court; second, there must be entry of the judgment by the clerk. *Jones*, 356 Md. at 520-21. "Rendition of judgment is the judicial act by which the court settles and declares the decision of the law on the matters at issue. In other words, rendition is the court's pronouncement … of its decision upon the matter submitted to it for adjudication." *Id.* The rendition of judgment by the court must "clearly indicate[] that the issue submitted has been adjudicated completely and it has reached a final decision on the matter." *Id.* at 524; *see also Bd. of Liquor License Comm'rs for Baltimore City v. Fells Point Café, Inc.*, 344 Md. 120, 129, 685 A.2d 772 (1996) (the purported judgment "must be intended by the court as an unqualified, final disposition of the matter in controversy") (quoting *Rohrbeck v. Rohrbeck,* 318 Md. 28, 41, 566 A.2d 767 (1989)).

There is no indication, in either the history of Rule 2-601 or our case law, that the addition of the separate document requirement eliminated the requirement that there must be a rendition of judgment by the court. Instead, the 1997 amendment of Rule 2-601(a) added the additional element that the judgment by the court – whether rendered by oral pronouncement, written memorandum, or otherwise – must also be "set forth on a separate document." In other words, the separate document itself must now set forth the judgment by indicating that the issues have been fully adjudicated and that the court has reached a final decision. An important aspect of this function is to clearly indicate in the separate document which party has prevailed on which issues and what type of relief, if any, has been granted by the court. These features of the separate document ensure that the court issues "clear, precise, and complete

judgments"[18] that provide the public and the litigants with clarity as to when a judgment is rendered, which party prevailed, when the judgment becomes effective, and when an appeal must be filed.

In sum, Rule 2-601(a) requires more than a piece of paper – or, with the advent of electronic filing in the courts, an electronic document – accompanied by a docket entry. It requires that the piece of paper (or electronic document) "set forth" an unqualified decision of the court as to which party has prevailed and what relief, if any, is awarded. The separate document requirement is not complicated, despite these requirements. This Court has previously indicated that the requirement should be satisfied through the use of a document patterned after the forms devised for federal practice. *Suburban Hospital, Inc. v. Kirson*, 362 Md. 140, 154, 763 A.2d 185 (2000)[19];

---

[18] *See* 134th Report of the Standing Committee on the Rules of Practice and Procedure (October 31, 1996), 23:24 Md. Reg. 1665, 1667 (November 22, 1996), Reporter's Note.

[19] In a footnote in *Suburban Hospital*, this Court provided an example of the format for a separate document that it "would expect to find" for compliance with Rule 2-601 (filling in the facts and parties from the case before it):

Judgment on Jury Verdict

This action having come on for trial before the Court and a jury, the undersigned judge presiding, and the issues having been duly tried and the jury having duly rendered its special verdict,

It is Ordered and Adjudged:

That the plaintiff, Phyllis R. Kirson, recover of the

(continued...)

19

*see also* 134th Report of the Standing Committee on the Rules of Practice and Procedure (October 31, 1996), 23:24 Md. Reg. 1665, 1668 (November 22, 1996) (suggesting that, following adoption of the 1997 amendment of Rule 2-601, the Administrative Office of the Courts adopt forms for judgments similar to those used in the federal system); Memorandum of Assistant Attorney General Julia Freit to All Clerks of the Circuit Courts (June 19, 1997) (distributing model judgment forms patterned after federal forms).

      b.      Whether a stipulated dismissal is a form of judgment

This Court has previously stated that a voluntary dismissal by stipulation is not an order of court. *Claibourne v. Willis*, 347 Md. 684, 691, 702 A.2d 293 (1997). Similarly, when the parties enter into a settlement agreement, even if it is filed with the court, it is not an order of the court, unless the parties ask the court to enter a

---

[19] (...continued)

> defendants, Suburban Hospital, Inc., Mary Beth Smith, Mary Anderson, and Aparangi Paul, jointly and severally, the sum of $130,500, with interest and costs; and
>
> That the plaintiff take nothing against the defendant, Carol Stephens, that the action be dismissed on the merits as to said defendant, and that the defendant, Carol Stephens, recover of the plaintiff, Phyllis R. Kirson, her costs.
>
> /s/_____
> Judge
> /s/_____
> (Date)

362 Md. at 154 n.4. The Court noted that its example was based on the federal form.

consent judgment based on the settlement agreement. *See Kent Island, LLC v. DiNapoli,* 430 Md. 348, 359-60, 61 A.3d 21 (2013); *Consolidated Const. Services, Inc. v. Simpson*, 372 Md. 434, 465, 813 A.2d 260 (2002); *see also Jones v. Hubbard*, 356 Md. 513, 525, 740 A.2d 1004 (1999).

It is apparent from this case law that a voluntary dismissal by stipulation, which is not presented to the court for approval, is not an order of court and therefore is not a judgment. This would seem to resolve the issue in the Hiobs' favor because if a voluntary dismissal by stipulation is not a judgment, the Line of Dismissal in this case is not a document on which a judgment is set forth.

Progressive argues that the Line of Dismissal nevertheless possesses the requisite finality and that this Court's decisions in *Claibourne* and *Tierco Maryland, Inc. v. Williams*, 381 Md. 378, 849 A.2d 504 (2004) indicate that a voluntary dismissal can be a judgment for purposes of Rule 2-601. We consider each of those contentions in turn.

c.    Whether finality alone is sufficient to satisfy Rule 2-601

The main thrust of Progressive's argument is that the entry of the voluntary dismissal started the time for filing a notice of appeal because, at that point in the action, all of the pending claims had been finally adjudicated.[20] Progressive's

_____

[20] Most of Progressive's arguments are focused on finality: the Hiobs "could not delay the imposition of finality after the filing and docketing of the Line of Dismissal"; nothing in Rule 2-601 requires a signature by the clerk before a voluntary dismissal "takes effect as a final disposition of the action" and, therefore, it makes no sense to require a signature when the action is terminated by a voluntary dismissal; the

(continued...)

21

arguments fail to recognize the distinction between a final judgment and an "effective"

judgment under Rule 2-601. Finality, although required, is not equivalent to, or a

substitute for the existence of a separate document on which the final judgment is set

forth. This Court has often explained that a final, appealable judgment must possess

three attributes:

> (1) it must be intended by the court as an unqualified,
> final disposition of the matter in controversy, (2) unless the
> court properly acts pursuant to Md. Rule 2-602(b), it must
> adjudicate or complete the adjudication of all claims against
> all parties, and (3) the clerk must make a proper record of
> it in accordance with Md. Rule 2-601.

*Rohrbeck v. Rohrbeck*, 318 Md. 28, 41, 566 A.2d 767 (1989). The fact that the judge

issues an unqualified, final disposition that adjudicates all the claims against all the

parties satisfies the first two elements, but it is not sufficient to constitute a final,

appealable judgment and start the time for an appeal. The third requirement, that

---

[20] (...continued)
voluntary dismissal "extinguish[ed]" all claims and "gave immediate finality" to the summary judgment order; stipulated dismissals are final adjudications for purposes of res judicata.

Progressive also suggests in passing that the voluntary dismissal acted as a consent judgment. A voluntary dismissal by stipulation is not a consent judgment unless it is endorsed by the court. *See Kent Island, LLC v. DiNapoli*, 430 Md. 348, 359-60, 61 A.3d 21 (2013) (settlement agreement was transformed into consent order when the judge signed and entered a court order embodying the agreement); *Chernick v. Chernick*, 327 Md. 470, 478, 610 A.2d 770 (1992) ("Consent judgments or decrees are essentially agreements entered into by the parties which must be endorsed by the court. They have attributes of both contracts and judicial decrees."); *Jones v. Hubbard*, 356 Md. 513, 525, 740 A.2d 1004 (1999) (noting that when parties ask a court to render judgment based on a settlement agreement, the critical element of judicial conclusiveness is added to the parties' agreement) (citation omitted).

there be a proper record of the judgment in accordance with Rule 2-601 must also be satisfied. As explained above, Rule 2-601(a) now requires that the judgment be set forth on a separate document before it is entered by the clerk. *See Circuit City Stores, Inc. v. Rockville Pike Joint Venture Ltd. P'ship*, 376 Md. 331, 347 n.3, 829 A.2d 976 (2003). In other words, the existence of final adjudication on all claims against all parties is necessary but not sufficient to begin the time for filing an appeal.[21]

Here, the fact that a voluntary dismissal is vested with finality upon docketing, without more, does not answer the question of whether the time for filing an appeal of the disposition of another claim has begun.[22] There must still be a separate document on which the judgment is set forth. And, if Progressive is correct that the Line of Dismissal "gave" finality to the summary judgment order, this does not indicate that a separate document exists. Thus, it is the separate document, not finality alone, that starts the time for filing an appeal.

---

[21] Finality is a statutory limitation on appellate jurisdiction. CJ §12-301. The separate document requirement, in contrast, is a creature of court rule. Accordingly, the parties may waive the separate document requirement and the appellate court may proceed with an appeal, but the parties may not waive finality and agree to confer appellate jurisdiction over a non-final claim. *Compare Suburban Hospital,* 362 Md. at 154 (parties may waive the separate document requirement) *with Miller & Smith at Quercus, LLC v. Casey PMN, LLC*, 412 Md. 230, 250, 987 A.2d 1 (2010) (parties cannot agree to confer appellate jurisdiction when all of the claims have not been finally resolved).

[22] A voluntary dismissal by stipulation, which under Rule 2-506(a) need not be approved by the court, does not need to be reduced to a judgment to be final. But, as explained in the text, a filing that provides finality as to a dismissed claim does not necessarily also serve as the separate document required for entry of final judgment on other claims.

23

d. *Claibourne v. Willis*

Progressive argues that this Court's decision in *Claibourne v. Willis*, 347 Md. 684, 702 A.2d 293 (1997), supports the proposition that a voluntary dismissal with prejudice is a final judgment that triggers the time period for seeking appellate review. In *Claibourne*, this Court considered whether a party's effort to seek relief from a stipulated order of dismissal more than 30 days after entry of the order was subject to the limitations of Rule 2-535. 347 Md. at 692. Under that rule, a court may exercise its revisory powers over a "judgment" on motion of a party filed within 30 days of entry of the judgment; otherwise, the court may only exercise its revisory powers over the judgment in cases of fraud, mistake or irregularity.[23]

The case arose out of an automobile tort action. The plaintiff settled her claim with an insurer, agreeing to discharge the insurer from any claims and to assist the insurer in pursuing a subrogation claim against the other driver. The plaintiff then mistakenly dismissed, through a stipulation of dismissal, her claim against the driver, thereby extinguishing the insurer's subrogation rights against the driver. Subsequently, the plaintiff realized that she had dismissed her claim against the wrong defendant and moved for relief from the voluntary dismissal. The Circuit Court

---

[23] Then, as now, Rule 2-535(b) read, in its entirety:

> (b) **Fraud, mistake, irregularity.** On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity.

denied the motion, apparently on the ground that it did not satisfy the standards for the exercise of the court's revisory powers under Rule 2-535(b).

On appeal, the plaintiff argued that, because the voluntary dismissal was not an order of court and thus not a judgment as defined by Rule 1-202(o),[24] the court's revisory power was not limited by Rule 2-535(b).  Citing cases that pre-dated the 1997 amendment of Rule 2-601,[25] this Court agreed that a stipulated voluntary dismissal with prejudice is not a court order, but held that the limitations in Rule 2-535(b) on the court's revisory powers should be applied to limit relief from a voluntary dismissal "even if that rule is not directly applicable."  347 Md. at 692.  The Court reasoned that because a voluntary dismissal with prejudice and a court order dismissing a case have the same effect – they are both final adjudications on the merits and carry *res judicata* effect – they should be interpreted in the same manner for purposes of the exercise of the court's revisory powers.  But while the Court believed that the interest in finality that underlies Rule 2-535(b) was also present in a voluntary dismissal with prejudice, it did not hold that a voluntary dismissal was a "judgment" per se.

   e.    *Tierco v. Williams*

Progressive asserts that *Tierco Maryland, Inc. v. Williams,* 381 Md. 378, 849 A.2d 504 (2004), held that a voluntary dismissal by stipulation is a judgment for

---

[24] At the time the voluntary dismissal was filed in *Claibourne*, the definition of "judgment" was set forth Rule 1-202(m); it was redesignated as section (o) in 2009.

[25] Although the *Claibourne* decision was issued shortly after the effective date of the 1997 amendment of Rule 2-601, it applied the earlier version of the rule.  *See* 347 Md. at 690 n.9.

purposes of Rule 2-601.[26]   While the *Tierco* decision did concern the timeliness of an appeal, the Court did not hold that a voluntary dismissal by stipulation is a judgment for purposes of Rule 2-601.  Indeed, it held, in the course of its decision that the appeal in that case was timely, that a trial court's oral order approving a voluntary dismissal must be reflected in a separate document as required by Rule 2-601 for entry of judgment.

The case arose out of a tort action brought by six family members against an amusement park.  On the morning of trial, plaintiffs' counsel requested that one of the plaintiffs be dismissed.  The trial court orally approved the dismissal, but neither the court nor the clerk prepared a written record of that order or a docket entry recording the dismissal at that time.  The remaining plaintiffs went to trial and the jury reached a verdict in favor of those plaintiffs.  The trial court entered judgment on the jury verdict and the amusement park filed a motion for judgment notwithstanding the verdict under Rule 2-532.  The trial court subsequently entered a written judgment as to the claims against the one plaintiff that it had orally dismissed prior to the trial.  The trial court largely denied the amusement park's post-trial motion and entered judgment accepting most of the jury verdict.[27]  The amusement park appealed.

The Court of Special Appeals dismissed the appeal as untimely.  It held that the amusement park's post-judgment motion under Rule 2-532 had been filed prematurely

---

[26] The Court of Special Appeals agreed with Progressive's analysis on this point. 212 Md. App. at 192.

[27] The trial court vacated an award of punitive damages.

(because the trial court had not yet entered a final judgment as to the dismissed plaintiff), that the motion had therefore not tolled the 30-day period for filing a notice of appeal, and that, as a result, the notice of appeal was filed late. The intermediate appellate court therefore dismissed the amusement park's appeal as untimely.

After granting certiorari, this Court reversed that decision and found the appeal to be timely. But the Court did not hold that every voluntary dismissal is a judgment for purposes of Rule 2-601 and explicitly rejected an argument that the pre-trial voluntary dismissal in *Tierco* sufficed as an effective final judgment under Rule 2-601.

Before this Court, the amusement park argued that the oral dismissal by the judge in open court was a final adjudication of that claim that satisfied Rule 2-601 and thus, when the judgment on the jury verdict was later entered, all the claims were resolved, a final judgment existed, the time for filing motions for post-judgment motions was triggered, and, as a result, its motion for judgment notwithstanding the verdict was timely and had tolled the time for filing a notice of appeal. According to the amusement park, the trial court did not need to memorialize in writing its pre-trial decision to dismiss one of the plaintiffs because the rule applicable to voluntary dismissals, Maryland Rule 2-506, does not require a written court order.[28] The

---

[28] At the time *Tierco* was decided in 2004, Rule 2-506(a)-(b) stated:

> (a) **By Notice of Dismissal or Stipulation**. Except as otherwise provided in these rules or by statute, a plaintiff may dismiss an action without leave of court (1) by filing a notice of dismissal at any time before the adverse party files an answer or a motion for summary judgment or (2) by
>
> (continued...)

amusement park argued that Rule 2-506(a) envisions that a notice of dismissal or a signed stipulation presumably would be in writing, but nothing in Rule 2-506(b), governing dismissals by court order, requires the court order to be in writing.[29]

Although this Court ultimately held that the appeal was timely, it rejected the amusement park's argument and concluded that a separate written order was required for the pre-trial dismissal of one plaintiff to constitute a judgment. *Tierco*, 381 Md. at 394. The Court reasoned that, because the dismissal was effectuated by court order and because Rule 2-601 requires that an order be set forth on a separate document to be effective as a final judgment, the order of dismissal had to be set forth on a separate

---

[28] (...continued)

> filing a stipulation of dismissal signed by all parties who have appeared in the action.
>
> (b) **By Order of Court**. Except as provided in section (a) of this Rule, a plaintiff may dismiss an action only by order of court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded prior to the filing of plaintiff's motion for voluntary dismissal, the action shall not be dismissed over the objection of the party who pleaded the counterclaim unless the counterclaim can remain pending for independent adjudication by the court.

Effective November 8, 2005, clarifying language and a new section (b) were added to Rule 2-506. The provision governing dismissals "By Order of Court" is now section (c).

[29] *See State ex rel. Lennon v. Strazzella*, 331 Md. 270, 275, 627 A.2d 1055 (1993) (noting that the rules set forth three different ways an action may be voluntarily dismissed: by notice of dismissal, by stipulation of dismissal, or by order of court); *see also Milburn v. Milburn,* 142 Md. App. 518, 531-35 790 A.2d 744 (2002) (describing the three types of dismissals).

document.[30]   The Court went on to note that the requirements of Rule 2-601 "are neither burdensome nor obscure," *id.*, and briefly (but not exhaustively) described those requirements.[31]   But, as noted, that passage appears in the context of a ruling in which this Court held that a voluntary dismissal only became a final judgment upon entry of a written order by the trial court.   Thus, *Tierco* does not hold that all voluntary dismissals are judgments for purposes of Rule 2-601.

f.    Whether the Line of Dismissal is a judgment

Here, the Line of Dismissal as to Erie does not clearly indicate to the parties or the public that the court has adjudicated fully the issues presented to it and has reached a final, unqualified decision.[32]   A voluntary dismissal, which is effected by the parties without any participation or approval by the court, does not provide any indication as to the court's intent and does not purport to set forth a decision by the court.   The public and the litigants have no indication from the court that it has adjudicated the claims against Progressive and reached a final decision because the

---

[30] While the Court rejected the amusement park's argument concerning whether there was final judgment at the time the amusement park filed its post-judgment motion, it nevertheless held that the amusement park's appeal was timely.   In particular, it held that the existence of a final judgment as to all claims and all parties is not a prerequisite to the filing of a post-judgment motion under Rule 2-532. 381 Md. at 394, 398.   In the circumstances of the case before it, the Court found that the amusement park's post-judgment motion was timely filed (even though it preceded the final judgment as to the voluntary dismissal), that the motion tolled the time for filing an appeal, and that the subsequent appeal was timely.  *Id.* at 394-401.

[31] *See* p. 34 below.

[32] Indeed, the docket entry – "Voluntary Dismissal (Partial)" – suggested otherwise.

29

summary judgment order in favor of Progressive was not final, even as to the claims against Progressive, *see* Maryland Rule 2-602(a),[33] and the Line of Dismissal as to Erie does not mention the claims against Progressive.

Progressive argues that clarity is not a concern in this case because the Hiobs knew the claims against Progressive were finally resolved once the Line of Dismissal was filed. This argument ignores the need to provide the public, not just the litigants, with a clear indication of when judgment is entered. Moreover, it is not entirely accurate as to the parties' knowledge. The Hiobs and Progressive could not know definitively – although they might be able to predict – whether the court would modify

---

[33] That rule provides:

> (a) **Generally.** Except [when the court explicitly directs entry of final judgment as to fewer than all of the claims or parties], an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:
>
> > *(1) is not a final judgment;*
> >
> > *(2) does not terminate the action as to any of the claims or any of the parties; and*
> >
> > *(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.*

Maryland Rule 2-602(a) (emphasis added).

the prior summary judgment order, which the court retained the power to do until final judgment was entered for all claims and parties. *See* Maryland Rule 2-602(a). Thus, under Progressive's theory, the parties or a member of the public must *assume* that the prior, non-final order is actually a final order against Progressive, not because the court issued any final determination on this issue, but because an unrelated defendant settled. A determination that a final judgment exists based on assumptions of implied finality is not the type of clear indication that judgment has been entered envisioned by the current version of Rule 2-601.

Moreover, the Line of Dismissal does not perform the functions of a separate document because it is not readily apparent from the document itself that a judgment has been issued. Instead, under Progressive's proposed rule, one must be aware of all the existing claims, including counter-claims, cross-claims, and third-party claims in the action and the resolution of each claim. *See* Maryland Rule 2-602(a) (an order that does not resolve every claim, counter-claim, cross-claim, or third-party claim by and against all parties is not a final adjudication of any claim). Once the litigant or member of the public searches the docket or case file and is able to determine the disposition of each claim and realizes that no further claims remain pending, the researcher will know the adjudication of the last claim constituted final judgment. Although within a different context, this Court has previously concluded that a rule that requires an extensive examination into each claim of the case creates mystery, not clarity:

31

> We do not believe that either the public or the appellate courts of this state will be served by a test which requires an examination of the legal relationships of all of the claims at trial and a conclusion through deductive reasoning that a judgment on one claim has obviated the need for a judgment to be entered on the remaining claims. Such a test would only make the legal system more mysterious to the general public.

*Estep v. Georgetown Leather Design*, 320 Md. 277, 287, 577 A.2d 78 (1990). Such a determination may not be a significant impediment in a simple case; but Rule 2-601 must be interpreted to produce clear and precise judgments in all cases.

Thus, because the Line of Dismissal does not clearly indicate to the parties and the public that the court has adjudicated the issues presented and rendered a final decision as to the claims against Progressive, the Line of Dismissal does not have the same effect as a judgment under Rule 2-601 and should not be treated as a judgment for purposes of that rule.

### 2.     The Separate Document is to be signed by the Clerk or Judge

As explained above, Rule 2-601, like its federal counterpart, is to be applied "mechanically" and its requirements relaxed only when doing so would preserve an appeal. *See Byrum*, 360 Md. at 32 (quoting *Bankers Trust*, 435 U.S. at 386). The insistence on formality is necessary to provide clarity as to when the time for filing an appeal begins. *See Allstate Ins. Co.*, 363 Md. at 117 n.1. One of the formalities of Rule 2-601(a) is that the separate document be signed by either the clerk or the judge, depending on the type of judgment. *See* Rule 2-601(a); s*ee also Byrum*, 360 Md. at 31 (noting that Rule 2-601(a) contains an "express requirement for a separate document

32

that is *signed*.") (emphasis added).  Under a mechanical application of Rule 2-601, the Line of Dismissal is deficient because it was not signed by either the clerk or the judge.[34]

Progressive makes two arguments in support of its position that the signature requirement of Rule 2-601 does not apply to stipulated dismissals.  First, Progressive argues that *Tierco* created a new and unique way for Rule 2-601 to be interpreted when applied to voluntary dismissals by stipulation and that, under *Tierco*, the signature of neither the judge nor the clerk is required.  Progressive relies on the following passage from *Tierco*:

---

[34] This application of Rule 2-601 is consistent with the decisions of the federal courts that have considered the signature requirement in the related federal rule.  The federal Courts of Appeals for the Fifth, Ninth, and Tenth Circuits have concluded that the signature of the clerk is an important factor in determining whether a purported separate document satisfies Rule 58 of the Federal Rules of Civil Procedure.  *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1171 (10th Cir. 2013) (a minute sheet was not a separate document because it was not captioned as an order, not signed, and did not establish the disposition of the claim on its face); *Silver Star Enterprises, Inc. v. M/V Saramacca*, 19 F.3d 1008 (5th Cir. 1994) (same); *Ingram v. ACandS, Inc.*, 977 F.2d 1332, 1338-39 (9th Cir. 1992) (the signature by the clerk is one element required for a minute order to constitute a separate document under Rule 58).

The Third and Seventh Circuits have developed tests for determining whether a document satisfies the separate document requirement that, although not specifically waiving the signature requirement, suggest that an unsigned order could satisfy the test.  *See Am. Nat. Bank & Trust Co. of Chicago v. Sec'y of Hous. & Urban Dev. of Washington, D.C.*, 946 F.2d 1286, 1289 (7th Cir. 1991) (a separate document must be (1) self-contained and separate from the opinion (2) note the relief granted and (3) omit the district court's reasons for disposing of the claims); *In re Cendant Corp. Securities Litigation*, 454 F.3d 235 (3rd Cir 2006) (same); *but see Brown v. Fifth Third Bank*, 730 F.3d 698, 701 (7th Cir. 2013) (one judge ruling on a motion to dismiss the appeal) (stating Rule 58 requires "that the separate document be signed by the court clerk").

33

According to Rule 2-601, each dismissal must be memorialized by a document in the case file. The word "judgment" need not appear on the document. *Nor is the judge necessarily required to sign an order of voluntary dismissal, which is a judgment that denies all relief.* The document need only put litigants and the public on notice that the claim has been resolved. It must also be docketed, entered, and recorded by the clerk. These steps ensure that litigants, third parties, and the public have access to the disposition of every civil claim brought in Maryland's circuit courts.

381 Md. at 394 (emphasis added; citation omitted). Progressive argues that, based on this language, a signature is not required when the separate document is a stipulated dismissal, so long as the Line of Dismissal puts litigants and the public on notice that the claim was resolved and it was docketed.

Progressive extrapolates from this passage to interpret Rule 2-601 contrary to the plain language of the rule. "When a party contends that a court should disregard the express language of a carefully-drawn rule of procedure, that party bears a heavy burden of showing that departure from the plain language is justified." *State ex rel. Lennon v. Strazzella*, 331 Md. 270, 282, 627 A.2d 1055 (1993) (quotations and citation omitted). That burden is particularly heavy when the proposed change disregards the over-arching policy concern of the rule. *Id.*

Progressive does not carry that burden. The statement in *Tierco* that a *judge* need not sign an order that denies all relief does not contradict the plain language of Rule 2-601, as the rule explicitly permits the *clerk* to prepare and sign a judgment "denying all relief." The Court in *Tierco* did not hold that the signature requirement could be disregarded altogether.

34

Second, Progressive counters that the plain language of Rule 2-601 does not require the signature of either the clerk or court, and thus, an exception for voluntary dismissals is not a departure from the Rule's plain language. Progressive notes that Rule 2-601(a) requires the signature of the clerk only "upon the verdict of a jury or a decision by the court." Because a stipulated dismissal is not a "decision by the court," Progressive concludes that a signature by the clerk or judge is not required.

But this argument is at odds with Progressive's position that the stipulated dismissal is a "judgment." In sum, Progressive argues that a stipulated dismissal is an order of court and therefore is a judgment subject to Rule 2-601, but at the same time argues that it is not an decision of court, and thus need not comply with the requirements of Rule 2-601 in order to begin the time for appeal. Progressive cannot have it both ways – either the Line of Dismissal is a judgment – *i.e.*, an order of court – and must comply with Rule 2-601's requirements in order to start the time for appeal; or it is not an order of court – *i.e.*, not a judgment – and is not the type of document that must be entered under Rule 2-601 and cannot start the time for appeal.

### 3. The Separate Document is to be Docketed under Rule 2-601(b)

Even if the Line of Dismissal as to Erie satisfied the separate document requirement of Rule 2-601(a), our analysis would not be complete because the time for filing a notice of appeal does not begin until the separate document is entered on the docket consistent with 2-601(b). *See* Maryland Rule 2-601(a) ("A judgment is effective only … when entered as provided in section (b) of this Rule."). As the Court stated in *Tierco*, docketing under the rule is one of the steps that ensures that "litigants, third

35

parties, and the public have access to the disposition of every civil claim brought in Maryland's circuit courts." *Tierco*, 381 Md. at 394. In particular, "the value of docket entries making public the disposition of each claim in a case cannot be overemphasized. Litigants and the public ought to be able to look at a case file or docket and determine when any judgment was entered." *Id.* at 393-94 (internal quotations marks and citation omitted); *see* Minutes of the Standing Committee on the Rules of Practice and Procedure (May 17, 1996) at 4-5 (in discussion of 1997 amendments of Rule 2-601, it was noted that the docket entry acts as a "warning that a judgment has been entered").

Here, the docket entry for the Line of Dismissal reads "Voluntary Dismissal (Partial) as to Erie Insurance Exchange." The docket entry is ambiguous as to whether a judgment has been entered because it does not specify whether the dismissal is with or without prejudice, leaving open the possibility that the claim against Erie was not resolved definitively. Although the Hiobs and Erie may be aware that the "partial" is in reference to the dismissal of only one defendant out of two, as opposed to only a portion of the claims against Erie, the public cannot discern this information from the docket entry. Without any indication of finality, the public cannot discern from the docket entry that a final judgment has been entered.

The ambiguity as to finality is especially apparent in this case because neither the docket entry, nor the Line of Dismissal as to Erie, indicates that the prior summary judgment order in favor of Progressive is now a final order. Instead, under the peculiar interpretation urged by Progressive, the notice of dismissal, signed by only two of the multiple plaintiffs and defendants, would constitute both the final judgment in the

36

entire action and the separate document on which that final judgment is set forth. Such a rule creates a trap for the unwary and the inexperienced and does not promote the ability of the public to readily determine the disposition of every claim brought in the circuit courts.

### 4.      Summary

In sum, the Line of Dismissal is not a separate document sufficient to satisfy Rule 2-601 because it is not a form of judgment, it does not comply with the plain language of the rule, and its accompanying docket entry does not give a clear indication that final judgment for all the pending claims in the case has been entered.

## B.      *Houghton and Piecemeal Judgments*

We end with a word on what is sometimes called "piecemeal finality."[35]  In its decision in this case, the Court of Special Appeals relied on *Houghton v. County Commissioners of Kent County*, 305 Md. 407, 504 A.2d 1145 (1986) – a decision that pre-dated the 1997 amendment of Rule 2-601 – to conclude that a case can be disposed of by the successive docketing of judgments, neither of which is final in nature (as neither, individually, adjudicated all of the claims as to all of the parties), so long as each judgment is entered in a manner that complies with Rule 2-601, and finality attaches to all prior orders when the last such judgment is docketed.  Here, the second purported judgment (the stipulated voluntary dismissal) was not set forth on a separate document and thus, was not entered in a manner that complied with Rule 2-

---

[35] It is also sometimes referred to as "cumulative finality."  *See* 15A Wright, Miller, et al., Federal Practice & Procedure §3914.9 (2d ed. updated April 2014).

601. This case does not satisfy the *Houghton* rule, assuming it is still valid, and the resolution of this case does not turn on whether *Houghton* remains good law.

Because *Houghton* interpreted a version of Rule 2-601 prior to the adoption of the separate document requirement, its analysis as to whether each judgment has been entered properly under Rule 2-601 is outdated. For instance, at the time *Houghton* was decided, the requirement that the clerk prepare, sign, and enter the separate document on which judgment is set forth was not yet part of Rule 2-601. Additionally, at the time of the *Houghton* decision, the time for filing an appeal began at the time that a final, appealable judgment existed and a notation was entered on the docket. As a result, the analysis in *Houghton* focused on whether the orders issued in that case finally resolved all of the issues and nothing remained pending before the court. *See Houghton*, 305 Md. at 412 (concluding that an order of dismissal on two claims and a notice of dismissal on a third claim had the effect of putting the plaintiff out of court, nothing remained to be done, and therefore, a final judgment existed). The 1997 amendments to Rule 2-601 changed the analysis from whether finality existed to whether an order, which finally resolved all the issues, had been set forth on a separate

document.[36]  *Houghton's* focus on finality is still relevant, but it is not sufficient, without the separate document, to start the time for filing an appeal.

---

[36] In reasoning that *Houghton* remains good law as to piecemeal judgments, the Court of Special Appeals quoted certain portions of the following passage from the minutes of the Rules Committee meeting when that committee considered what became the 1997 amendment to Rule 2-601:

> Mr. Sykes asked how piecemeal judgments will be handled under the modified Rule.  Currently when a party is dismissed at some point in the case, the dismissal is entered on the docket.  Mr. Bowen replied that this would be a separate document.  Mr. Sykes inquired as to what the clerk has to enter under this Rule.  If the judgment is very long, does the clerk enter the entire judgment on the docket?  Mr. Bowen answered that the entire judgment is not entered, but simply a notation that there has been a judgment and the date of it.  Mr. Sykes questioned whether the clerk summarizes the judgment in any way.  Mr. Bowen responded that the judgment is the one signed by the court.  Mr. Sykes commented that he had a problem with the word "entered" as it is provided in Rule 2-601.  Only the fact that there has been a judgment is entered on the docket, so to find out what happened, it would be necessary to look at the papers or to copy the entire judgment on the docket, which would require more work.  Mr. Bowen explained that the docket entry is a warning that a judgment has been entered, so someone can go to the file to read it.

Minutes of Standing Committee on Rules of Practice and Procedure (May 17, 1996) at 4-5.  It is not evident to us – from a review of the entire passage – that the Rules Committee had a view as to the continued vitality of *Houghton* under the proposed amendments.  There is no mention of *Houghton* here or elsewhere in the minutes and the cryptic nature of the minutes leaves much room for interpretation.  A review of the recording of the hearing conducted by this Court on the 1997 amendment uncovered no reference to *Houghton* or piecemeal judgments.

# IV

## Conclusion

For the reasons set forth above, in order for there to be an entry of an effective final judgment that triggers the time for filing an appeal, there must be an affirmative answer to the following questions:

- Is there a final judgment?

- Is there a separate document?

  · Is there a document in the court file separate from the docket entry?

  · Does the document reflect a judicial action that grants or denies specific relief in an unqualified way?

  · Has the separate document been signed by the judge or the clerk?

- Has the clerk docketed the judgment in accordance with the practice of the court?

In this case, the Line of Dismissal did not satisfy these requirements and did not trigger the 30-day clock for filing a notice of appeal as to the summary judgment ruling. The Hiobs filed their notice of appeal after the Circuit Court issued an order entering final judgment that satisfied those requirements, but before that order was docketed. Accordingly, the Hiobs' notice of appeal was timely under Rule 8-602(d).

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT.**

40