<u>Won Bok Lee v. Won Sun Lee</u>, No. 13, September Term, 2019

**MARYLAND RULE 2-601(b) – ENTRY OF JUDGMENT – TIME FOR FILING APPEAL – RENEWAL OF JUDGMENT – CREATION OF LIEN – EXPIRATION OF LIEN –** Court of Appeals held that, to constitute effective judgment under Maryland Rule 2-601 and start thirty-day appeal period set forth in Maryland Rule 8-202(a), judgment must satisfy both Maryland Rule 2-601(b)(2) and (b)(3). Maryland Rule 2-601's plain language makes clear that judgment must be entered in accordance with Maryland Rule 2-601(b) to be effective and thus trigger thirty-day appeal period. Maryland Rule 2-601(a)(4) clearly states that "judgment is effective only when [] set forth [on separate document] and when entered as provided in section (b) of this Rule." This means that judgment must be entered as described in Maryland Rule 2-601(b)(2) and (b)(3)—namely, clerk must enter judgment on docket of circuit court's electronic case management system "along with such description of [] judgment as [] clerk deems appropriate[,]" and "[u]nless shielding is required . . . , docket entry and [] date of [] entry shall be available to [] public through [] case search feature on [] Judiciary website[.]" Court of Appeals held that docket entries in this case failed to satisfy requirements of Maryland Rule 2-601(b)(3) because date of entry of judgment was unclear and not available to public through Case Search.

Court of Appeals held that trial court erred in denying motion to vacate renewal of judgment. Request to file notice of lien based on federal judgment, and clerk's recording and indexing of federal judgment, created lien against Respondent's property, not new judgment. Maryland Rule 2-625 applies to money judgments only and does not authorize renewal of lien. In this case, when Petitioner sought to renew judgment, federal judgment had expired, and neither original federal judgment nor lien that had been created when federal judgment was recorded and indexed were effective, leaving nothing to renew.

Circuit Court for Howard County
Case No. 13-C-55-045573
Argued: December 9, 2019

IN THE COURT OF APPEALS

OF MARYLAND

No. 13

September Term, 2019

_____

WON BOK LEE

v.

WON SUN LEE

_____

Barbera, C.J.
McDonald
Watts
Hotten
Getty
Booth
Raker, Irma S. (Senior Judge,
Specially Assigned),

JJ.

_____

Opinion by Watts, J.

_____

Filed: January 23, 2020

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Maryland Rule 2-601(b)(2) provides that "[t]he clerk shall enter a judgment by making an entry of it on the docket of the electronic case management system used by that court[,]" and Maryland Rule 2-601(b)(3) provides that, "[u]nless shielding is required . . ., the docket entry and the date of the entry shall be available to the public through the case search feature on the Judiciary website[.]" Maryland Rule 2-601(a)(4) expressly states that "[a] judgment is effective only when [] set forth [on a separate document] and when entered as provided in section (b) of this Rule."

The main issue in this case is whether an entry of a judgment must satisfy only Maryland Rule 2-601(b)(2) or both Maryland Rule 2-601(b)(2) and Maryland Rule 2-601(b)(3) to start the thirty-day appeal period set forth in Maryland Rule 8-202(a). Stated differently, the question here is whether the date of an entry of a judgment is when the clerk enters the judgment on the circuit court's electronic case management system docket or when that docket entry and the date of the entry of the judgment are made available to the public through Case Search on the Judiciary website. We also consider whether an attempt in a circuit court to renew a judgment, which was obtained in federal court, was effective.

In July 2002, in the United States District Court for the District of Maryland, Won Bok Lee ("Petitioner") obtained a default judgment against his brother, Won Sun Lee ("Respondent"). In May 2004, in the Circuit Court for Howard County, Petitioner submitted a Request to File Notice of Lien based on the federal judgment. On June 1, 2004, the clerk entered the notice on the docket and indicated that judgment had been

entered as of that date.[1]  Over a decade later, in July 2015, Petitioner filed a Request to Renew Judgment, and that same month, the clerk entered "Notice of Renewed Judgment" on the docket.  Several months later, in March 2016, Respondent filed a Motion to Vacate Renewal of Judgment and Request for Hearing.  On June 2, 2016, the circuit court conducted a hearing and denied the motion.  On the same date, the circuit court issued a one-page order to the same effect, which the clerk stamped "Entered" on June 3, 2016.  This time, the circuit court clerk entered a docket entry into the circuit court's electronic case management system ("ECMS") and on the case search feature on the Judiciary website.  Neither the entry on the circuit court's ECMS nor the initial entry on Case Search expressly set forth the date of the entry of the judgment.  On July 6, 2016, Respondent noted an appeal.  Petitioner moved to strike the notice of appeal as untimely.  After a remand by the Court of Special Appeals and the circuit court's issuance of a memorandum explaining the sequence of events in this case, the Court of Special Appeals denied a motion to dismiss the appeal, holding that the notice of appeal, although initially premature, had become ripe.  Additionally, the Court of Special Appeals reversed the circuit court's denial of the motion to vacate, and remanded the case to the circuit court with instruction to vacate the renewal of the judgment.

We affirm the judgment of the Court of Special Appeals and hold that, to constitute an effective judgment under Maryland Rule 2-601 and start the thirty-day appeal period set

---

[1]Petitioner and the Court of Special Appeals refer to the entry as a "docket entry," and Respondent refers to an entry being made by the clerk on the circuit court's "docket." On June 1, 2004, this was likely a docket entry into the circuit court's court file.  This entry now appears on the circuit court's electronic case management system docket.

forth in Maryland Rule 8-202(a), the entry of the judgment must satisfy both Maryland Rule 2-601(b)(2) and (b)(3). Maryland Rule 2-601's plain language makes clear that a judgment must be entered in accordance with Maryland Rule 2-601(b) to be effective and thus trigger the thirty-day appeal period. Maryland Rule 2-601(a)(4) clearly states that "[a] judgment is effective only when [] set forth [on a separate document] and when entered as provided in section (b) of this Rule." This means that a judgment must be entered as described in Maryland Rule 2-601(b)(2) and (b)(3)—namely, the clerk must enter the judgment on the docket of the ECMS that the circuit court uses "along with such description of the judgment as the clerk deems appropriate[,]" and, "[u]nless shielding is required . . . , the docket entry and the date of the entry shall be available to the public through the case search feature on the Judiciary website[.]"

Applying that holding to the circumstances of this case, we hold that the initial docket entries concerning the denial of the motion to vacate failed to satisfy the requirements of Maryland Rule 2-601(b) because the date of entry of the judgment was unclear and not available to the public through Case Search; *i.e.*, the docket entries failed to satisfy the requirements of Maryland Rule 2-601(b)(3). The docket entries did not provide notice of the date when judgment was entered as required under Maryland Rule 2-601(b)(3) and, accordingly, did not trigger the thirty-day appeal period.

As to the merits, we hold that the trial court erred in denying the motion to vacate the renewal of the judgment. The request to file a notice of lien based on the federal judgment, and the clerk's recording and indexing of the federal judgment, created a lien against Respondent's property in Howard County, not a new judgment. Maryland Rule 2-

625 applies to money judgments only, and does not authorize the renewal of a lien. In this case, when Petitioner sought to renew the judgment, the federal judgment had expired, and neither the original federal judgment nor the lien that had been created when the federal judgment was recorded and indexed in Howard County were effective, leaving nothing to renew.

## BACKGROUND

### Initial Proceedings in Federal and State Court

On July 23, 2002, in the United States District Court for the District of Maryland, Petitioner obtained a default judgment against his brother, Respondent, in the principal amount of $141,059.44, plus attorney's fees of $499.50, court costs, and post-judgment interest.[2]

On May 21, 2004, in the Circuit Court for Howard County, Petitioner submitted a "Request to File Notice of Lien" based on the federal judgment. On June 1, 2004, the clerk made the following two docket entries: "Notice of Lien of Judg[]ment Received From United States District Court" and "Judgment entered on 06/01/04[.]"

Thereafter, the case was dormant for over a decade until July 23, 2015, when Petitioner filed a "Request to Renew Judgment[.]" In the request, Petitioner stated that "[t]he judgment ha[d] not expired (12 years from entry)[,]" and asked that the circuit court

---

[2]The default judgment was obtained against Respondent and another individual, Steve Woo-Shik Lee, jointly and severally. A third individual, Kyung Hee Lee, was identified as a defendant in that case. On October 23, 2003, the District Court issued a default judgment against Kyung Hee Lee in the amount of $141,059.44, plus interest and costs.

- 4 -

"renew the judgment[.]" On July 28, 2015, the clerk made the following docket entry: "Notice of Renewed Judgment[.]"

On March 24, 2016, Respondent filed a "Motion to Vacate Renewal of Judgment and Request for Hearing." Respondent argued that Petitioner's 2004 filing in the circuit court did not create a new judgment; that the date of the entry of the judgment was July 23, 2002; and that the judgment expired twelve years from that date—on July 23, 2014—and could not be renewed after its expiration. Respondent requested that the circuit court vacate the judgment that the clerk had entered on June 1, 2004, and the July 28, 2015 docket entry that stated: "Notice of Renewed Judgment."

On June 2, 2016, the circuit court conducted a hearing on the motion. After hearing argument from the parties, the circuit court agreed with Respondent that the May 21, 2004 filing by Petitioner created a lien, but ruled that the lien was nevertheless subject to renewal. The circuit court explained: "[I]t was entered in 2004 as a lien, it was recorded and indexed that the 12 years begins at that point. Not from the original date that the original judgment was issued in federal court. . . . [T]herefore, it was within the 12 years." Accordingly, the circuit court denied the motion to vacate.

On that same day, the circuit court issued a one-page order, stating in its entirety:

> This Court, having considered [Respondent]'s Motion to Vacate Renewal of Judgment, the Opposition to that Motion filed by [Petitioner], and the arguments of counsel for both parties before this Court on June 2, 2016, hereby **ORDERS** that [Respondent]'s Motion is hereby **DENIED**.
> **IT IS SO ORDERED.**

(Emphasis in original). The order contained the circuit court judge's signature, the handwritten date "6/2/16[,]" a stamp from the Clerk's Office stating that the Order was

- 5 -

"ENTERED" on June 3, 2016, a true copy test certification, and the notation "6000" on the

bottom-right corner.

Docket Entry 6000 appears in the circuit court's ECMS[3] as follows:

```
Num/Seq Description                           Filed    Entered Party Jdg Ruling              Closed   User ID
------- ----------------------------------    -------- ------- ------ --- ------------------- -------- --------
00006000 Motion to Vacate Judgment and Request 03/24/16 03/24/16 000    WVT Denied             06/03/16 JN  MAF
         for Hearing
         04/20/16 per Judge Bernhardt: Set for hearing
         Copies mailed
         06/03/16 copies mailed
```

In the circuit court's ECMS, Docket Entry 6000 states that the date "Filed[,]" as well as

the date "Entered[,]" is "03/24/16[,]" and that the date "Closed" is "06/03/16[.]" Docket

Entry 6000 also notes the "Jdg" as "WVT" (the circuit court judge's initials)[4] and notes the

"Ruling" as "Denied[.]"

At the relevant time, on the case search feature on the Judiciary website, the same

entry appeared as follows:

```
Doc No./Seq        6/0
No.:
File Date:         03/24/2016  Entered Date: 03/24/2016  Decision: Denied
Document Name:     Motion to Vacate Judgment and Request for Hearing
                   04/20/16 per Judge Bernhardt: Set for hearingCopies mailed06/03/16 copies mailed
```

The entry stated that the "File Date" and "Entered Date" were "03/24/2016" for the

document "Motion to Vacate Judgment and Request for Hearing[.]" (Bolding omitted).

The entry also stated: "Decision: Denied" and "04/20/16 per [circuit court j]udge []: Set

---

[3]The relevant docket entries and filings in this case predate the implementation of the Maryland Electronic Courts (MDEC) case management system in Howard County, which occurred in April 2018. See Maryland Electronic Courts, Archives (Updates/Alerts), available at https://mdcourts.gov/mdec/latestupdatesarchive#mdecnorth central [https://perma.cc/7FUP-59G9].

[4]The circuit court judge who ruled on the matter was the Honorable William V. Tucker.

- 6 -

for hearing[ ]Copies mailed[ ]06/03/16 copies mailed[.]"  (Bolding omitted).

Notably, Docket Entry 6000 now appears differently than it originally did when viewed through the case search feature on the Judiciary website.  The Court of Special Appeals observed that, as of January 11, 2019, Docket Entry 6000 appeared in Case Search with the following comment:

> Motion: . . .  Create Date: 03/24/2016 . . . Update Date: 06/03/2016 MMOT - Motion to Vacate Judgment and Request for Hearing 04/20/16 per [circuit court j]udge []: Set for hearing Copies mailed 06/03/16 copies mailed Filed: 03/24/2016 Decision: Denied - 06/03/2016

Won Sun Lee v. Won Bok Lee, 240 Md. App. 47, 56, 201 A.3d 1, 7 (2019).  The Case Search entry also included a "File Date" of "03/24/2016" and a "Close Date" of "06/03/2016[.]"  Id. at 56, 201 A.3d at 7.  The Court of Special Appeals explained that "the change occurred after July 6, 2016[,]" and that the updated Case Search "entry now includes the following information: 'Decision: Denied - 06/03/2016.'"  Id. at 56, 201 A.3d at 7.

A second entry pertaining to the case, Docket Entry 14000, appears in the circuit court's ECMS as follows:

| Num/Seq | Description | Filed | Entered | Party | Jdg | Ruling | Closed | User ID |
|---------|-------------|-------|---------|-------|-----|--------|--------|---------|
| 00014000 | Open Court Proceeding<br>Hearing o Motion<br>DEF Motion to Vacate Judgment is denied<br>PLT to prepare and submit Order | 06/02/16 | 06/06/16 | 000 | WVT | | 03/07/17 | JAC8MS |

In the circuit court's ECMS, Docket Entry 14000 states that the date "Filed" is "06/02/16[,]" that the date "Entered" is "06/06/16[,]" and that the date "Closed" is "03/07/17[.]"  Docket Entry 14000 also notes the "Jdg" as "WVT" (the circuit court judge's

initials).

At the relevant time, Docket Entry 14000 appeared on Case Search on the Judiciary website as:

| | |
|---|---|
| Doc No./Seq No.: | 14/0 |
| File Date: | 06/02/2016  Entered Date: 06/06/2016  Decision: |
| Document Name: | Open Court Proceeding |
| | Hearing o MotionDEF Motion to Vacate Judgment is deniedPLT to prepare and submit Order |

The docket entry stated: "Hearing o[n] Motion[ ]DEF Motion to Vacate Judgment is denied[ ]PLT to prepare and submit Order[.]"  (Bolding omitted).  The Case Search entry noted that the "Document Name" was "Open Court Proceeding[,]" with a "File Date" of "06/02/2016" and an "Entered Date" of "06/06/2016[.]"  (Bolding omitted).

On July 6, 2016, Respondent noted an appeal.  Petitioner moved to strike the notice of appeal as untimely, stating that the June 2, 2016 Order had been entered on June 3, 2016, that a notice of appeal was required to be filed within thirty days, and that the July 6, 2016 notice of appeal was filed late.  Respondent filed an opposition to the motion, arguing, among other things, that, although the clerk stamped the June 2, 2016 Order with "Entered" on June 3, 2016, the clerk did not make an entry on the ECMS until June 6, 2016, when the clerk noted that the motion to vacate was denied and stated that the "Entered Date" was "06/06/2016[.]"  Thus, according to Respondent, a notice of appeal was due within thirty days of June 6, 2016, "the only date memori[ali]zing when the clerk physically made an ECMS entry referring to the Order."  On August 9, 2016, the circuit court granted the motion and struck the notice of appeal.  On August 17, 2016, Respondent filed a timely notice of appeal.

**Appeal**

On August 24, 2017, in an unreported opinion, the Court of Special Appeals determined that the record did not reflect "when (or if) the judgment was ever placed on a separate document, and so [the Court did not] know whether [Respondent]'s notice of appeal [was] timely or [was] premature." Won Sun Lee v. Won Bok Lee, No. 945, Sept. Term, 2016, 2017 WL 3634056, at *3 (Md. Ct. Spec. App. Aug. 24, 2017). The Court concluded that, based on the record, there was insufficient evidence as to whether June 6, 2016, was the date of the entry of the judgment because it was unclear whether the circuit court "signed a document that conformed to the separate document rule." Id. at *2. The Court posited that there were "three logical explanations": (1) the circuit court recorded the judgment on a separate document before June 6, but, because the judgment was entered on the circuit court's ECMS on June 6, 2016, that date was the date of the entry of the judgment, and the July 6, 2016 notice of appeal was timely; (2) the judgment was not recorded on a separate document as of June 6, 2016, but later was set forth in a separate document on an unknown date, so the notice of appeal was either timely or premature, but was, at that time, ripe; or (3) the judgment was never set forth in a separate document and, as such, the judgment was still not final and the notice of appeal remained premature. See id.

The Court reversed the order striking the notice of appeal and "remand[ed] the matter to allow the circuit court to determine [whether] there [was] a judgment that complie[d] with the separate document rule[,] and, if a judgment that complie[d] with the separate document ha[d] not yet been created, to create one." Id. at *3. The Court stated

- 9 -

that, "[o]nce the circuit court determine[d] either that there [was] an existing judgment that complie[d] with the separate document rule or create[d] a new judgment that complie[d] with the separate document rule, [Respondent]'s appeal c[ould] proceed." Id. The Court's mandate provided that the matter was remanded for the circuit court to determine the date of the entry of the judgment or to enter the judgment on a separate document. See id.

**Circuit Court Proceedings on Remand**

On remand, the circuit court asked the clerk for an explanation of the clerk's practices with respect to entries in the circuit court's ECMS. In a memorandum dated December 4, 2017, the clerk advised the circuit court that the June 2, 2016 Order—denying the motion to vacate the renewal of the judgment—was entered on the circuit court's ECMS on June 3, 2016, under Docket Entry 6000. The clerk's memorandum explained:

> [] It is the clerk's practice that[,] when the clerk enters a ruling/order from the [circuit c]ourt, the Order is "entered" stamped. Which in this case was June 3, 2016.
>
> [] It is the clerk's practice to update the original motion in [the ECMS]. In this case[,] the clerk entered the ruling of Denied under docket entry 6000 as of June 3, 2016[,] and mailed copies of the Order on June 3, 2016.
>
> [] Adjacent to the ruling of Denied is the closed date of the motion of June 3, 2016[,] which also corresponds to the date of entry.
>
> [] Therefore[,] the written Order Denying the Motion to Vacate [Renewal of] Judgment was entered by the clerk on June 3, 2016.

After receiving the clerk's memorandum, the circuit court issued its own memorandum on December 29, 2017, providing an explanation of the process and events. As to Docket Entry 6000 in the circuit court's ECMS, the circuit court explained that the entry reflected several different events—namely, the filing of the motion to vacate the

- 10 -

renewal of the judgment on March 24, 2016; the scheduling of a hearing on the motion, which occurred on April 20, 2016; and the denial of the motion, which was entered on June 3, 2016. According to the circuit court, "[t]he original motion was docketed on 03/24/16 and updated with the 06/03/16 denial and entry of the Order and the mailing of copies to the litigants." The circuit court stated that the closed date for Docket Entry 6000—June 3, 2016—reflected "the date that the open motion was closed by the clerk with the entry of an order."

As to Docket Entry 14000 in the ECMS, the circuit court explained that, "[f]or every hearing[,] the clerk [] prepares a hearing sheet[,] which is a summary of what occurred during a proceeding[,]" and that "[t]he hearing sheet is also entered into the [ECMS]." The circuit court stated that the information in Docket Entry 14000 reflected "the hearing results[,]" that the hearing sheet was dated June 2, 2016, and that it was entered in the ECMS on June 6, 2016. According to the circuit court:

> The entry of the hearing sheet on June 6, 2016 is just that, the entering of the hearing sheet into the [ECMS]. It is not an order, nor does it have the effect of an order. It just lists the outcome of the hearing[,] which was the denial of the motion to vacate and [Petitioner]'s counsel to submit the Order.

In response to the questions that the Court of Special Appeals raised, the circuit court explained that it had issued a separate order that had been signed on June 2, 2016 and entered in the ECMS on June 3, 2016. Specifically, the circuit court stated:

> [T]his Court issued a separate Order that was signed on June 2, 2016, and that Order was entered by the clerk [] on June 3, 2016. The Order has the number 6000 written in the lower[-]right corner, and has an Entered stamp of June 3, 2016. The Order was entered by the clerk in the [ECMS] on June 3, 2016[,] and copies were mailed on June 3, 2016.
> The Court issued a separate document that complies with the separate

document rule[,] and that separate document was entered by the clerk [] and mailed to the parties on June 3, 2016.

## Subsequent Appellate Proceedings

After the circuit court issued its memorandum, the case returned to the Court of Special Appeals. On March 14, 2018, Respondent filed an Appellant's Brief. On April 11, 2018, Petitioner filed an Appellee's Brief and Motion to Dismiss. Petitioner argued, based on the circuit court's memorandum, that the denial of the motion to vacate was entered on June 3, 2016, and that, therefore, the notice of appeal was untimely. In a reply brief, Respondent opposed the motion to dismiss, contending that, because the Court of Special Appeals had previously concluded that the appeal was not late and that it would proceed after the remand, the Court's determination had become the law of the case.

## Opinion of the Court of Special Appeals

On January 30, 2019, in a reported opinion, the Court of Special Appeals denied the motion to dismiss, reversed the circuit court's denial of the motion to vacate, and remanded the case with instruction to vacate the renewal of the judgment. See Won Sun Lee, 240 Md. App. at 50, 57, 201 A.3d at 3, 7. The Court of Special Appeals determined that it was not precluded from considering whether Respondent's appeal was late, explaining:

> Here, the evidence and record [] is substantially different now from the prior appeal because we now have explanations from the circuit court and [the] clerk of the June 2[, 2016] Order and the docket entries about which the prior panel was uncertain. We now know definitively that (1) the circuit court intended the June 2[, 2016] Order to be the separate order entering judgment in this case, (2) the clerk intended to enter that order in the court's electronic case management system on June 3[, 2016] by adding the word "Denied" to Docket Entry 6000, and (3) Docket Entry 14000 is merely a hearing sheet[,] and does not reflect the entry of any written order. With this additional information[,] and in light of our independent obligation to ensure

- 12 -

that we have jurisdiction, we conclude that we are not precluded from revisiting the question of whether [Respondent]'s original notice of appeal was late.

Id. at 58-59, 201 A.3d at 8.

The Court of Special Appeals addressed the motion to dismiss, and concluded that Respondent's appeal, although initially premature, had become ripe. See id. at 59, 201 A.3d at 8. The Court determined that "the circuit court's memorandum establishes that the June 2[, 2016] Order is indeed the 'separate document' setting forth the court's judgment that is required by [Maryland] Rule 2-601(a)[(1)]." Id. at 59, 201 A.3d at 8. The Court stated that the circuit court's explanation made clear that the notation in Docket Entry 14000—that an order was forthcoming—"reflects the situation that existed when the court closed the June 2[, 2016] hearing, not the situation that existed when that docket entry was made on June 6," 2016. Id. at 59, 201 A.3d at 8. The Court concluded that the June 2, 2016 Order satisfied the separate document requirement of Maryland Rule 2-601(a)(1). Id. at 67, 201 A.3d at 13.

As to the issue of whether the clerk entered the judgment on the ECMS, the Court observed that that matter was "more complicated." Id. at 59, 201 A.3d at 8. The Court stated that the circuit court's explanation that Docket Entry 14000 does not reflect the entry of any written order eliminated the possibility that Docket Entry 14000 constituted the entry of the judgment in the ECMS. See id. at 59, 201 A.3d at 8. The Court was not convinced, however, that Docket Entry 6000 established that June 3, 2016 was the date on which the clerk entered the judgment in the ECMS. See id. at 59-60, 201 A.3d at 8-9. The Court explained:

Our difficulty in accepting . . . June 3[, 2016] as the trigger date for the [thirty-day] appeal period [set forth in Maryland Rule 8-202(a)] lies in the fact that Docket Entry 6000 itself—and particularly the version of that docket entry that was available on the Judiciary website in June and July of 2016—failed to establish clearly when the clerk added the "Denied" notation to the entry.

Id. at 60, 201 A.3d at 9 (footnote omitted).

The Court ultimately held that Docket Entry 6000 did not comply with the requirement set forth in Maryland Rule 2-601(b)(3)—that the docket entry and date of entry of judgment be made available to the public through the case search feature on the Judiciary website—"because the date of entry was not available to the public." Id. at 67, 201 A.3d at 13. The Court observed that Docket Entry 6000, as it appeared through the case search feature, provided an "Entered Date" of March 24, 2016, but that date reflected the date on which the clerk entered the motion, not the date of the entry of the judgment. Id. at 68, 201 A.3d at 13-14. According to the Court, "the 'Entered Date' of March 24[, 2016] is unhelpful at best and potentially quite confusing" for a litigant or member of the public seeking to ascertain the date of entry of the judgment. Id. at 68, 201 A.3d at 14.

The Court explained that Docket Entry 6000, as originally displayed on Case Search on the Judiciary website, had been unclear and "failed to provide litigants and the public with a clear indication of when judgment was entered." Id. at 68, 201 A.3d at 14. The Court concluded that the original Docket Entry 6000 failed to provide notice of the date when judgment was entered, as required by Maryland Rule 2-601(b), and, as such, did not trigger the thirty-day appeal period set forth in Maryland Rule 8-202(a), making Respondent's appeal premature when it was filed on July 6, 2016. See id. at 69, 201 A.3d

- 14 -

at 14. The Court observed that, significantly, Docket Entry 6000, as displayed on Case Search, was, at some unknown date after July 2016, updated to clearly indicate that the decision to deny the motion to vacate was entered on June 3, 2016. See id. at 69, 201 A.3d at 14. As such, the Court concluded that Respondent's appeal was ripe to proceed, explaining:

> Pursuant to [Maryland] Rule 8-602(f), the July 6, 2016 notice of appeal is treated as having been "filed on the same day as, but after, the entry on the docket." Although we do not know for certain when Docket Entry 6000 changed in this way, we know it was after July 31, 2016. For that reason, [Respondent]'s appeal is now ripe to proceed.

Id. at 69, 201 A.3d at 14 (footnote omitted).

Finally, the Court of Special Appeals held that the circuit court erred in denying the motion to vacate the renewal of the judgment. See id. at 69, 201 A.3d at 14. The Court explained that Petitioner's 2004 filing in the circuit court established a lien, not a new judgment, i.e., that "the effect of recording and indexing any judgment is the establishment of a lien." Id. at 72, 201 A.3d at 16 (citation omitted). The Court also concluded that Maryland Rule 2-625, authorizing renewal of a judgment, does not apply to a lien, and thus could not "have authorized a renewal of the lien that was created by the 2004 filing." Id. at 74, 201 A.3d at 18.

The Court determined that the federal judgment had expired by the time of Petitioner's 2015 filing—i.e., that, by that time, the judgment that Petitioner had obtained against Respondent "on July 23, 2002 was no longer extant and could not be renewed[,]" as it had expired after twelve years. Id. at 75, 201 A.3d at 18 (cleaned up). The Court explained that "the lien that [Petitioner]'s 2004 filing in Howard County had created was

itself destroyed automatically by the expiration of the federal judgment in 2014 because a lien is of no effect in the absence of a predicate judgment." Id. at 75-76, 201 A.3d at 18. The Court concluded:

> [B]y the time [that Petitioner] made his 2015 filing, neither his original 2002 federal judgment nor the lien [that had been] created when he recorded that judgment in Howard County in 2004 remained effective. Simply put, there was nothing for him to renew. The circuit court thus erred in denying [Respondent]'s motion to vacate the [] renewal of the [] judgment.

Id. at 76, 201 A.3d at 18.

## Petition for a Writ of *Certiorari*

On March 18, 2019, Petitioner filed a petition for a writ of *certiorari*, raising the following two issues:

> 1. When a judgment has been entered properly in a circuit court's electronic case management system in compliance with [Maryland] Rule 2-601(b)(2), must the docket entry and its date of entry also be identified clearly on the [c]ase [s]earch feature of the Judiciary website in order for there to have been an "entry" of the judgment to begin the 30-day time period in which an appeal must be filed?
>
> 2. When a federal court judgment is recorded and entered in a Maryland circuit court, may the [S]tate court judgment be renewed independently of any renewal of the federal court judgment?

On May 14, 2019, this Court granted the petition. See Won Bok Lee v. Won Sun Lee, 463 Md. 637, 207 A.3d 1215 (2019).

## STANDARD OF REVIEW

In Green v. State, 456 Md. 97, 125, 171 A.3d 1162, 1177-78 (2017), we set forth the standard for interpreting a Maryland Rule, stating:

> A court interprets a Maryland Rule by using the same canons of construction that the court uses to interpret a statute. First, the court considers the Rule's

- 16 -

plain language in light of: (1) the scheme to which the Rule belongs; (2) the purpose, aim, or policy of this Court in adopting the Rule; and (3) the presumption that this Court intends the Rules and this Court's precedent to operate together as a consistent and harmonious body of law. If the Rule's plain language is unambiguous and clearly consistent with the Rule's apparent purpose, the court applies the Rule's plain language. Generally, if the Rule's plain language is ambiguous or not clearly consistent with the Rule's apparent purpose, the court searches for rulemaking intent in other indicia, including the history of the Rule or other relevant sources intrinsic and extrinsic to the rulemaking process, in light of: (1) the structure of the Rule; (2) how the Rule relates to other laws; (3) the Rule's general purpose; and (4) the relative rationality and legal effect of various competing constructions.

(Citation omitted). Moreover, "[w]here a Rule's language is clear, a court neither adds nor deletes language so as to reflect an intent not evidenced in the plain and unambiguous language of the Rule." Id. at 125, 171 A.3d at 1178 (cleaned up). "Unambiguous language will be given its usual, ordinary meaning unless doing so creates an absurd result." Id. at 125, 171 A.3d at 1178 (cleaned up).

As to interpretation of the Maryland Rules and a trial court's rulings on any other question of law, we review such matters without deference. See, e.g., Lisy Corp. v. McCormick & Co., Inc., 445 Md. 213, 221, 126 A.3d 55, 60 (2015) ("Because an interpretation of the Maryland Rules is appropriately classified as a question of law, we review the issue de novo to determine if the trial court was legally correct in its rulings on these matters." (Cleaned up)); Griffin v. Lindsey, 444 Md. 278, 285, 119 A.3d 753, 757 (2015) ("We review questions of law without deference." (Citation omitted)).

- 17 -

## DISCUSSION

## I.

### The Parties' Contentions

Petitioner contends that the date of an entry of a judgment is the date when the judgment is entered on the docket in the circuit court's ECMS, not the date when the judgment is made available to the public through the case search feature of the Judiciary website. Petitioner argues that Maryland Rule 2-601(b)(2) is the subsection that sets forth the method of an entry of a judgment, and notes that Maryland Rule 2-601(d) defines the date of a judgment that was entered on or after July 1, 2015 as the date when the clerk enters the judgment on the ECMS. Petitioner asserts that Maryland Rule 2-601(b)(3) requires only that the date of an entry of a judgment be made available on the case search feature of the Judiciary website, and does not address the date of the entry of the judgment.

Petitioner contends that, in this case, the June 2, 2016 Order was entered on June 3, 2016—the date that it was entered in the circuit court's ECMS—thereby triggering the thirty-day appeal period set forth in Maryland Rule 8-202(a). As such, Petitioner argues that the notice of appeal was due by July 5, 2016, and that the notice of appeal filed by Respondent on July 6, 2016 was untimely. Petitioner asserts that the Court of Special Appeals erred in holding that the June 3, 2016 entry of the June 2, 2016 Order on the circuit court's ECMS did not render June 3, 2016 the date of the entry of the judgment. Petitioner contends that the holding of the Court of Special Appeals erroneously adds a third requirement for an entry of a judgment—entry of the judgment on the case search feature of the Judiciary website.

Respondent counters that the Court of Special Appeals correctly denied Petitioner's motion to dismiss the appeal as untimely because the July 6, 2016 notice of appeal was not filed within thirty days after the date of the entry of the judgment. Respondent contends that an entry of a judgment does not occur until the clerk makes an entry of the judgment on the docket of the circuit court's ECMS pursuant to Maryland Rule 2-601(b)(2) and that the judgment and its date of entry are made available to the public on Case Search pursuant to Maryland Rule 2-601(b)(3). Stated otherwise, Respondent asserts that, for purposes of Maryland Rules 2-601 and 8-202(a), a judgment is not entered unless the requirements of both Maryland Rule 2-601(b)(2) and Maryland Rule 2-601(b)(3) are satisfied.

Respondent contends that, in this case, Docket Entry 6000 did not comply with Maryland Rule 2-601(b)(3) because the date of entry was not made available to the public, and argues that the entry itself was insufficient under Maryland Rule 2-601(b)(2) because it failed to specify the date of the entry of the judgment. Respondent asserts that the Court of Special Appeals correctly determined that Docket Entry 6000, as it originally existed in June and July 2016, failed to satisfy the requirements of Maryland Rule 2-601(b), as both the ECMS and Case Search entries failed to establish the date of entry of the June 2, 2016 order. Respondent contends the Court of Special Appeals correctly concluded that the original Docket Entry 6000 on Case Search failed to satisfy Maryland Rule 2-601(b) and did not trigger the thirty-day appeal period, but that the appeal became ripe when Docket Entry 6000 was changed at some point after July 31, 2016.

**Relevant Maryland Rules**

Maryland Rule 1-202(o) defines a "judgment" as "any order of court final in its

- 19 -

nature entered pursuant to these rules." For purposes of obtaining appellate review in the Court of Special Appeals, Maryland Rule 8-202(a) provides that, "[e]xcept as otherwise provided in this Rule or by law, the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken." And Maryland Rule 8-202(f) states that the term "'[e]ntry' as used in this Rule occurs on the day when the clerk of the lower court enters a record on the docket of the electronic case management system used by that court." Determination of a judgment's date of entry for purposes of Maryland Rule 8-202 is set forth in Maryland Rule 2-601. See Hiob v. Progressive Am. Ins. Co., 440 Md. 466, 471, 103 A.3d 596, 599 (2014) ("The date of [an] 'entry of [a] judgment' is determined under Maryland Rule 2-601.").

Under Maryland Rule 2-601(a)(4), a final judgment becomes effective once it is set forth on a "separate document," as required by Maryland Rule 2-601(a)(1), and is entered in accordance with Maryland Rule 2-601(b). Maryland Rule 2-601(a) provides, in relevant part, that "[e]ach judgment shall be set forth on a separate document and include a statement of an allowance of costs as determined in conformance with Rule 2-603[,]" Md. R. 2-601(a)(1), and that "[a] judgment is effective only when so set forth and when entered as provided in section (b) of this Rule[,]" Md. R. 2-601(a)(4). Maryland Rule 2-601(d) provides that, "[o]n and after July 1, 2015, regardless of the date a judgment was signed, the date of the judgment is the date that the clerk enters the judgment on the electronic case management system docket in accordance with section (b) of this Rule."

Because the date of an entry of a judgment is governed by Maryland Rule 2-601(b), it is helpful to examine the recent history of the section. Prior to July 1, 2015, Maryland

Rule 2-601(b) provided in its entirety as follows:

> Method of Entry – Date of Judgment. The clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall record the actual date of the entry. That date shall be the date of the judgment.

See Hiob, 440 Md. at 478, 103 A.3d at 603; Court of Appeals of Maryland, Rules Order at 64-65 (Mar. 2, 2015), available at https://www.mdcourts.gov/sites/default/files/rules/order/ro186supp.pdf [https://perma.cc/ V9J7-TFCT].

On September 26, 2014, the Standing Committee on Rules of Practice and Procedure ("the Rules Committee") submitted its One Hundred Eighty-Sixth Report to this Court. See Rules Committee, One Hundred Eighty-Sixth Report at 3 (Sept. 26, 2014), available at https://www.mdcourts.gov/sites/default/files/rules/reports/186th.pdf [https:// perma.cc/BW75-YPT9]. The Rules Committee proposed amendments to Maryland Rule 2-601, among other Rules, "to clarify . . . when a judgment is deemed to be entered." Id. at 10. The Rules Committee explained that the proposed amendments involved "how judgments are entered and when they are deemed to be entered[,]" and urged that the proposed amendments were needed due to "the lack of uniformity throughout the State in how clerks go about entering judgments and the fact that [then-current] Rule[] 2-601(b) . . . . , governing the method of entering judgments, [was] obsolete and [was] not being followed anywhere in the State." Id. at 11 (emphasis omitted). The Rules Committee stated that it had been advised that no clerks used the methods of entering judgments as set forth in former Maryland Rule 2-601(b) "because all judgments are entered electronically so they can go on [c]ase [s]earch" and that such practice would continue under the

- 21 -

Maryland Electronic Courts (MDEC) case management system.  Id.

The Rules Committee proposed the following amendments to Maryland Rule 2-601:

(1) amending Rule[] 2-601(b) . . . to provide (i) that the clerk enter a judgment by making an entry of it on the docket of the electronic case management system used by that court, along with such description of the judgment as the clerk deems appropriate, and (ii) that, unless shielding is required by law or court order, the docket entry and the date of the entry shall be available to the public through the [c]ase [s]earch feature on the Judiciary website and in accordance with [specific Maryland] Rules . . . ; and

(2) adding a new section (d) to Rule 2-601 . . . to provide that, on and after the effective date of the amendment . . . , the date of the judgment is the date that the clerk enters the judgment on the electronic case management system, regardless of the date the judgment was signed.

Id. (emphasis omitted).  The Rules Committee stated that its "overarching intent" was that "the date of entry of the judgment be the date when the judgment becomes accessible to the public."  Id.  According to the Rules Committee, it had "been advised that a judgment [would] become accessible through [c]ase [s]earch automatically and immediately upon its entry on the court's electronic case management system."  Id.  The Rules Committee proposed conforming amendments to Maryland Rule 8-202, among other Rules.  Id.  Thus, in the Report, the Rules Committee proposed to

AMEND Rule 2-601 to add an applicability provision in subsection (b)(1); to delete language from and add language to subsection (b)(2) to modify how a judgment is entered; to add subsection (b)(3), which provides that subject to a shielding exception, a docket entry is available to the public through a search feature on the Judiciary website and in accordance with certain Rules . . . ; and to add section (d), which provides how the date of a judgment is determined before and after the date of the amendment to Rule 2-601[.]

Id. at 71.

In a Rules Order dated March 2, 2015, this Court adopted the proposed amendments

to Maryland Rule 2-601, which became effective on July 1, 2015. <u>See</u> Rules Order at 3-5. The amendments to Maryland Rule 2-601 included: (1) replacing the requirement that the clerk enter a judgment "according to the practice of each court" with the requirement that the clerk enter a judgment "by making an entry of it on the docket of the electronic case management system used by that court"; (2) adding a new requirement that, "[u]nless shielding is required by law or court order, the docket entry and the date of the entry shall be available to the public through the case search feature on the Judiciary website"; and (3) adding section (d), which provided that, "[o]n and after July 1, 2015, . . . the date of the judgment is the date that the clerk enters the judgment on the electronic case management system in accordance with section (b) of this Rule." <u>Id.</u> at 64-66. This Court also adopted an amendment to Maryland Rule 8-202(f) to provide that "entry," for purposes of determining the time for filing a notice of appeal, "occurs on the day when the clerk of the lower court enters a record on the docket of the electronic case management system used by that court." <u>Id.</u> at 136.

As a result of these amendments and other 2015 amendments,[5] from January 1, 2016, to July 1, 2016, Maryland Rule 2-601 provided as follows:

(a) Separate Document – Prompt Entry.

---

[5]In a Rules Order dated December 7, 2015, this Court adopted proposed amendments to Maryland Rule 2-601(a), effective January 1, 2016, including changing the title of the section from "Prompt Entry – Separate Document" to "Separate Document – Prompt Entry," dividing the section into five subsections, and requiring that the separate document reflecting the judgment "include a statement of an allowance of costs as determined in conformance with Rule 2-603." Court of Appeals of Maryland, Rules Order at 2-3, 28 (Dec. 7, 2015), <u>available at</u> https://www.mdcourts.gov/sites/default/files/rules/order/188ro.pdf [https://perma.cc/4PXS-PHQ2].

(1) Each judgment shall be set forth on a separate document and include a statement of an allowance of costs as determined in conformance with Rule 2-603.[6]

\* \* \*

(4) A judgment is effective only when so set forth and when entered as provided in section (b) of this Rule.

\* \* \*

(b) Applicability – Method of Entry – Available to Public.

(1) Applicability. Section (b) of this Rule applies to judgments entered on and after July 1, 2015.

(2) Entry. The clerk shall enter a judgment by making an entry of it on the docket of the electronic case management system used by that court along with such description of the judgment as the clerk deems appropriate.

(3) Availability to the Public. Unless shielding is required by law or court order, the docket entry and the date of the entry shall be available to the public through the case search feature on the Judiciary website and in accordance with Rules 16-1002 and 16-1003.[7]

(c) Recording and Indexing. Promptly after entry, the clerk shall (1) record and index the judgment, except a judgment denying all relief without costs, in the judgment records of the court and (2) note on the docket the date the clerk sent copies of the judgment in accordance with Rule 1-324.

(d) Date of Judgment. On and after July 1, 2015, regardless of the date a

---

[6]In a Rules Order dated November 19, 2019, this Court adopted proposed amendments to Maryland Rule 2-601(a)(1), effective January 1, 2020, to add the word "should" before the word "include[,]" and to add a Committee note. Court of Appeals of Maryland, Rules Order at 8 (Nov. 19, 2019), available at https://www.mdcourts.gov/sites/default/files/rules/order/ro201.pdf [https://perma.cc/A4AS-7KH6].

[7]In a Rules Order dated June 6, 2016, this Court adopted a proposed amendment to Maryland Rule 2-601(b)(3), effective July 1, 2016, to revise the internal references from "Rules 16-1002 and 16-1003" to "16-902 and 16-903." Court of Appeals of Maryland, Rules Order at 26 (June 6, 2016), available at https://www.mdcourts.gov/sites/default/files/rules/supporting/178roconformingamendments.pdf [https://perma.cc/P6L7-JEM4].

judgment was signed, the date of the judgment is the date that the clerk enters the judgment on the electronic case management system docket in accordance with section (b) of this Rule. The date of a judgment entered prior to July 1, 2015 is computed in accordance with the Rules in effect when the judgment was entered.

(Committee note omitted).

**Relevant Case Law**

In Waller v. Md. Nat'l Bank, 332 Md. 375, 378, 631 A.2d 447, 449 (1993), this Court recognized that former Maryland Rule 2-601 made "clear that whether a final judgment has been entered must be determined by reference to the docket entry. Accordingly, the date and form of a docket entry purporting to enter final judgment take on special significance." Indeed, because the date of an entry of a judgment triggers the time for filing an appeal, among other things, "the procedures for entering a judgment and for determining its date of entry are precise and certain." Id. at 378-79, 631 A.2d at 449 (citation omitted). This Court has remarked that "the path to appellate review should be clear and well-marked, but the time for filing an appeal should be finite and well-defined." Hiob, 440 Md. at 471, 103 A.3d at 599.

Although we were analyzing a version of Maryland Rule 2-601 that existed prior to the 2015 amendments, our discussion of the Rule in Hiob is instructive. In Hiob, id. at 472, 103 A.3d at 599, this Court held that a stipulation of dismissal that the parties signed did not satisfy the separate document requirement of what is now Maryland Rule 2-601(a)(1) because it was not in the form of a judgment, was not signed by the court or the clerk, and was not docketed consistent with the Rule, and that, as such, the docketing of the stipulation did not trigger the thirty-day appeal period.

In so holding, this Court discussed in some detail the history of the separate document requirement. See id. at 472-80, 103 A.3d at 599-04. We observed that, with respect to the application of the separate document requirement in federal court, two principles guided that application: "First, in order to provide the desired clarity, the separate-document rule must be mechanically applied in determining whether an appeal is timely. . . . Second, because the rule is not designed as a trap for the inexperienced, it is to be interpreted to preserve the right to an appeal." Id. at 474-75, 103 A.3d at 600-01 (cleaned up). As to the 1997 amendments to Maryland Rule 2-601, through which the separate document requirement was adopted, we observed that, under the amended Rule, three requirements were to be satisfied for an effective entry of a judgment: (1) a judgment must be set forth on a document "separate from an oral ruling of the judge, a docket entry, or a memorandum"; (2) "the separate document is to be signed by either the judge or the clerk[,]" depending on the type of judgment; and (3) "a judgment is effective—meaning that it triggers the time for filing an appeal—only if it is set forth in accordance with the requirements of [Maryland] Rule 2-601(a) and properly entered under [Maryland] Rule 2-601(b)." Id. at 478-79, 103 A.3d at 603-04 (cleaned up). We observed that, in construing the separate document requirement of what is now Maryland Rule 2-601(a)(1), this Court had "employed the same principles as the federal courts in construing" the counterpart federal rule, namely, mechanical application "in determining whether an appeal is timely[,]" and interpreting the requirement "in favor of the preservation of appeal rights." Id. at 480, 103 A.3d at 604 (citation omitted).

Addressing the case at hand, this Court concluded that the stipulation of dismissal

failed to "satisfy the separate document requirement and thus could not trigger the 30-day period for filing a notice of appeal . . . because it did not provide a clear indication that [a] judgment had been rendered, it did not comply with the plain language of [Maryland] Rule 2-601(a), and its accompanying docket entry did not satisfy [Maryland] Rule 2-601(b)." Id. at 483-84, 103 A.3d at 606. We stated that the "features of [a] separate document ensure that the court issues clear, precise, and complete judgments that provide the public and the litigants with clarity as to when a judgment is rendered, which party prevailed, when the judgment becomes effective, and when an appeal must be filed." Id. at 486, 103 A.3d at 607-08 (cleaned up). To that end, we concluded that what is now Maryland Rule 2-601(a)(1) "requires that the piece of paper (or electronic document) 'set forth' an unqualified decision of the court as to which party has prevailed and what relief, if any, is awarded." Id. at 486, 103 A.3d at 608. We also explained that, for a judgment to be final and start the time for an appeal, the clerk must make a proper record of the judgment in accordance with Maryland Rule 2-601, which includes setting forth the judgment on a separate document before it is entered by the clerk. See id. at 489, 103 A.3d at 609.

We concluded that the stipulation of dismissal at issue was not a judgment because it was "not presented to the court for approval[ and was] not an order of court[.]" Id. at 488, 103 A.3d at 608. Moreover, the stipulation failed to "clearly indicate to the parties or the public that the court ha[d] adjudicated fully the issues presented to it and ha[d] reached a final, unqualified decision." Id. at 495, 103 A.3d at 612-13 (footnote omitted). We rejected the argument that clarity was not a concern because the parties knew the claims were finally resolved once the stipulation was filed, explaining that that argument

"ignore[d] the need to provide the public, not just the litigants, with a clear indication of when judgment is entered." Id. at 495, 103 A.3d at 613. And, we noted that, although a person who was familiar with the case may have assumed that the combination of an earlier summary judgment and the later stipulation of dismissal resolved all claims against all parties, "[a] determination that a final judgment exists based on assumptions of implied finality is not the type of clear indication that judgment has been entered envisioned by the [then-]current version of [Maryland] Rule 2-601." Id. at 495-96, 103 A.3d at 613. As such, we determined that the stipulation of dismissal did not have the same effect as a judgment under Maryland Rule 2-601 because it did "not clearly indicate to the parties and the public that the court ha[d] adjudicated the issues presented and rendered a final decision as to the claims against [one defendant]." Id. at 497, 103 A.3d at 614.

We explained that, even had the stipulation satisfied the separate document requirement of what is now Maryland Rule 2-601(a)(1), "the time for filing a notice of appeal does not begin until the separate document is entered on the docket consistent with [Maryland Rule] 2-601(b)." Id. at 500, 103 A.3d at 615 (citing what is now Md. R. 2-601(a)(4)). We stated that "docketing under the rule is one of the steps that ensures that litigants, third parties, and the public have access to the disposition of every civil claim brought in Maryland's circuit courts." Id. at 500, 103 A.3d at 616 (cleaned up). Indeed, "the value of docket entries making public the disposition of each claim in a case cannot be overemphasized. Litigants and the public ought to be able to look at a case file or docket and determine when any judgment was entered." Id. at 500, 103 A.3d at 616 (cleaned up). We observed that the docket entry for the stipulation stated: "Voluntary Dismissal (Partial)

- 28 -

as to [one defendant,]" which was "ambiguous as to whether a judgment ha[d] been entered because it d[id] not specify whether the dismissal [was] with or without prejudice, leaving open the possibility that the claim against [the insurer] was not resolved definitively." Id. at 500, 103 A.3d at 616. Such a docket entry, lacking any indication of finality, made it so that the public could not "discern from the docket entry that a final judgment had been entered." Id. at 500, 103 A.3d at 616. We explained that to hold that such a stipulation of dismissal was adequate to trigger the thirty-day appeal period would "create[] a trap for the unwary and the inexperienced[,] and [would] not promote the ability of the public to readily determine the disposition of every claim brought in the circuit courts." Id. at 501, 103 A.3d at 616.

**Analysis**

Here, we hold that, to constitute an effective judgment under Maryland Rule 2-601 and start the thirty-day appeal period set forth in Maryland Rule 8-202(a), a judgment must satisfy Maryland Rule 2-601(b)(2) and (b)(3). Simply put, Maryland Rule 2-601's plain language makes clear that a judgment must be entered in accordance with Maryland Rule 2-601(b) to be effective and thus trigger the thirty-day appeal period. Indeed, Maryland Rule 2-601(a)(4) clearly states that "[a] judgment is effective only when [] set forth [on a separate document] and when entered as provided in section (b) of this Rule." This means that a judgment must be entered as described in Maryland Rule 2-601(b)(2) and (b)(3)— namely, the clerk must enter the judgment on the docket of the ECMS that the circuit court uses "along with such description of the judgment as the clerk deems appropriate[,]" and, "[u]nless shielding is required . . . , the docket entry and the date of the entry shall be

- 29 -

available to the public through the case search feature on the Judiciary website[.]"

In this case, the original Docket Entry 6000, as it existed in June and July 2016, failed to satisfy the requirements of Maryland Rule 2-601(b) because the date of the entry of the judgment was unclear and not available to the public through Case Search; accordingly, the docket entry failed to satisfy the requirements of Maryland Rule 2-601(b)(3) and did not establish June 3, 2016 as the date of the entry of the judgment. Docket Entry 6000 did not provide notice of the date when judgment was entered as required under Maryland Rule 2-601(b) and did not trigger the thirty-day appeal period.[8] Thus, Respondent's July 6, 2016 notice of appeal was premature when it was filed, but, due to subsequent changes in Docket Entry 6000 that satisfy Maryland Rule 2-601(b), the notice has become timely. See Md. R. 8-602(f) ("A notice of appeal filed after the . . . signing by the trial court of a[n] order . . . but before entry of the . . . order . . . on the docket shall be treated as filed on the same day as, but after, the entry on the docket."). We explain.

As an initial matter, like the Court of Special Appeals, we conclude that the circuit court's December 29, 2017 memorandum establishes that the June 2, 2016 Order is a separate document that sets forth the circuit court's judgment—i.e., the denial of the motion to vacate the renewal of the judgment—as required by Maryland Rule 2-601(a)(1). See Won Sun Lee, 240 Md. App. at 59, 201 A.3d at 8. The June 2, 2016 Order set forth on a separate document the circuit court's judgment with respect to the motion to vacate the

_____

[8]As we explain below, Docket Entry 14000 also failed to satisfy the requirements of Maryland Rule 2-601(b).

renewal of the judgment. As such, we need not delve further into the separate document requirement of Maryland Rule 2-601(a)(1).[9]

Rather, the main issues in this case are whether an entry of a judgment must satisfy both Maryland Rule 2-601(b)(2) and Maryland Rule 2-601(b)(3) to trigger the thirty-day appeal period set forth in Maryland Rule 8-202(a), and whether entry of the June 2, 2016 Order in this case satisfied both subsections. Stated differently, the question is whether the date of an entry of a judgment is when the clerk enters the judgment on the ECMS docket, or when that docket entry and the date of the entry are made available to the public through Case Search. We begin by examining the plain language of Maryland Rule 2-601. Maryland Rule 2-601(a)(4) states that "[a] judgment is effective only when so set forth and when entered as provided in section (b) of this Rule." Maryland Rule 2-601(a)(4) does not limit an effective judgment to the requirement only of Maryland Rule 2-601(b)(2)—that the clerk enter a judgment on the docket of the circuit court's ECMS. Rather, Maryland Rule 2-601(a)(4)'s reference to "section (b)" necessarily encompasses each subsection of Maryland Rule 2-601(b), including Maryland Rule 2-601(b)(2) and (b)(3).[10]

Maryland Rule 2-601(b)(2) provides that the clerk shall enter a judgment on the docket of the circuit court's ECMS, and Maryland Rule 2-601(b)(3) provides that, unless shielding is required, the docket entry and date of the entry shall be made available to the

---

[9]Nothing in this opinion should be read to override case law on waiver of the separate document requirement. See, e.g., URS Corp. v. Fort Myer Constr. Corp., 452 Md. 48, 67-70, 156 A.3d 753, 764-66 (2017).

[10]Maryland Rule 2-601(b)(1) simply provides that "[s]ection (b) of this Rule applies to judgments entered on and after July 1, 2015[,]" and does not set forth actions required of the circuit court or clerk.

public through Case Search on the Judiciary website. Together, Maryland Rule 2-601(b)(2) and (b)(3) set forth the requirements that a judgment be entered on the docket of the circuit court's ECMS and that, absent shielding, the docket entry and date of the entry be made available to the public through Case Search. Indeed, Maryland Rule 2-601(b)(2)'s and Maryland Rule 2-601(b)(3)'s use of the term "shall" denotes the mandatory nature of the subsections. Cf. State v. Neiswanger Mgmt. Servs., LLC, 457 Md. 441, 476, 179 A.3d 941, 962 (2018) ("We have consistently interpreted legislative use of the word 'shall' to indicate the intent that a provision is mandatory." (Cleaned up)). In other words, under the plain language of Maryland Rule 2-601(b), compliance with both (b)(2) and (b)(3) is required. Maryland Rule 2-601(a)(4) confirms this by providing that a judgment is effective only when it is entered as set forth in Maryland Rule 2-601(b).[11]

In support of our conclusion, we observe that, interestingly, Maryland Rule 2-601(b)(2) currently does not require that the date of entry of the judgment be included on the ECMS docket. Rather, Maryland Rule 2-601(b)(2) states that "[t]he clerk shall enter a judgment by making an entry of it on the docket of the [ECMS.]" Presently, Maryland Rule 2-601(b)(2) does not direct that the docket entry shall state the date of the judgment or the date of the entry of the judgment, or describe how information about the date of the

---

[11]Petitioner points out that the Maryland Rules Commentary provides that an entry of a judgment occurs when the clerk makes a record of the judgment on the ECMS. To the extent that the Commentary may be inconsistent with the language of Maryland Rule 2-601, the plain language of the Rule prevails. And, as stated above, Maryland Rule 2-601(a)(4) clearly states that compliance with Maryland Rule 2-601(b)—which necessarily includes Maryland Rule 2-601(b)(2) and (b)(3)—is required for a judgment to be effective.

entry of the judgment should be accessible to the parties or the public. Instead, Maryland

Rule 2-601(b)(2) simply directs the clerk to make an appropriate docket entry of a

judgment on the circuit court's ECMS. By contrast, Maryland Rule 2-601(b)(3) expressly

requires that the docket entry and the date of the entry be made available to the public

through Case Search.[12]

To be sure, Maryland Rule 2-601(d) provides that, "[o]n and after July 1, 2015, . . .

the date of [a] judgment is the date that the clerk enters the judgment on the [ECMS] docket

in accordance with section (b) of this Rule." And Maryland Rule 8-202(f) provides that

entry occurs when the clerk of the lower court enters a record on the docket in the court's

ECMS. These provisions seemingly indicate that the date of entry is when the clerk enters

a judgment on the ECMS docket. However, although Maryland Rule 2-601(d) mentions

that the date on the entry is when the clerk enters judgment on the ECMS, Maryland Rule

2-601(d) also provides that judgment be entered in accordance with section (b), which

includes subsections (b)(2) and (b)(3). And, although Maryland Rule 8-202(f) indicates

that entry occurs on the day the clerk enters a record on the docket of the ECMS used by

the court, neither subsection (b)(2) or (b)(3) of Maryland Rule 2-601(b) is mentioned in

---

[12]Because Maryland Rule 2-601(b)(2) does not specifically state that an entry of a judgment should include the date of the judgment, and because, as explained below, the docket entries in this case were ambiguous and failed to clearly identify the date of the entry of the judgment, it would be difficult, with Maryland Rule 2-601(b) in its present form, to conclude that satisfying the requirement of Maryland Rule 2-601(b)(2) alone determines the date of the entry of the judgment. Rather, because Maryland Rule 2-601(b)(3) expressly provides that the date of entry must be made available to the public through Case Search, requiring compliance with Maryland Rule 2-601(b)(3) ensures that the date of the entry of the judgment is specifically stated and clear, and that it is accessible to the public.

Maryland Rule 8-202(f). So, while Maryland Rule 8-202(f) references the ECMS system, Maryland Rule 8-202(f) does not explicitly address the issue of whether Maryland Rule 2-601(b)(2) or (b)(3) or both must be complied with.

Maryland Rule 2-601(d) refers explicitly to "section (b) of this Rule[,]" which, like Maryland Rule 2-601(a)(4), necessarily encompasses both Maryland Rule 2-601(b)(2) and (b)(3). Reading Maryland Rule 2-601(b)(2) and (b)(3) together leads to the conclusion that an entry of a judgment on the ECMS docket is not complete until that docket entry and the date of the entry are made available to the public through Case Search. Indeed, immediately following Maryland Rule 2-601(b)(2)'s requirement that the clerk make an entry on the ECMS docket, Maryland Rule 2-601(b)(3) provides that "the docket entry and the date of the entry" must be made available on Case Search. It is clear that "the docket entry" means the docket entry described in Maryland Rule 2-601(b)(2)—*i.e.*, the one made on the ECMS. Significantly, Maryland Rule 2-601(b)(3) does not state that "**a** docket entry," *i.e.*, an entirely new entry, must be made. Moreover, Maryland Rule 2-601(b)(3) is the only subsection of Maryland Rule 2-601(b) that explicitly references the date of the entry of the judgment. Read in conjunction, the plain language of Maryland Rule 2-601(b)(2) and (b)(3) clearly provides that an entry of a judgment is not effective until both Maryland Rule 2-601(b)(2) and Maryland Rule 2-601(b)(3) are satisfied, meaning that a judgment is entered on the circuit court's ECMS docket, and that entry and the date of the entry of the judgment are made available to the public through Case Search.

Although the language of Maryland Rule 2-601 is clear, the 2015 amendments to the Rule demonstrate that the amendments were proposed to account for new technology,

- 34 -

to clarify when a judgment is entered, and to make the date of an entry of a judgment available to the public. Indeed, the amendments plainly indicate that the intent was to ensure that a clerk clearly identifies the date of an entry of a judgment and makes the entry available to the public. In its Report, the Rules Committee noted that it had been advised that no clerks used the methods of entering judgments set forth in former Maryland Rule 2-601(b) "because all judgments are entered electronically so they can go on [c]ase [s]earch." One Hundred Eighty-Sixth Report at 11. Significantly, the Rules Committee explained that its "overarching intent" with respect to the proposed amendments was that "the date of entry of the judgment be the date when the judgment becomes accessible to the public." Id. Considering the use of electronic case management systems and Case Search, it is obvious that the Rules Committee was trying to propose amendments that would encompass new technology, clarify the date of an entry of a judgment, and make the date of the entry of the judgment accessible to the public.[13]

Requiring that the entry of the judgment and the date of the entry be made available on Case Search to the public pursuant to Maryland Rule 2-601(b)(3) fulfills the goals of making the entry of the judgment and the date thereof clear and available to the public, as

---

[13]We note that, in the counties where MDEC has been implemented, Maryland Rule 20-109 sets forth who has access to judicial records in an MDEC action. Maryland Rule 20-109(e)(2) provides that, generally, "members of the public shall have free access to unshielded case records and unshielded parts of case records from computer terminals or kiosks that the courts make available for that purpose." Maryland Rule 20-109(e)(1) provides, though, that "[m]embers of the public shall have free access to information posted on [c]ase[ s]earch." We observe that Case Search is readily available and accessible to the public through any device with an internet connection. See Maryland Judiciary Case Search, available at http://casesearch.courts.state.md.us/casesearch/ [https://perma.cc/EV5Y-FH2P].

the Rules Committee intended. As we stated in Hiob, 440 Md. at 495-96, 103 A.3d at 613, the requirements of Maryland Rule 2-601 are meant to ensure that the parties and the public have "a clear indication of when judgment is entered[,]" not an indication "based on assumptions[.]" Moreover, if the entry requirements of Maryland Rule 2-601(b) are satisfied and the docket entries make public the disposition of claims in a case, both "[l]itigants and the public ought to be able to be able to look at a case file or docket[, which, today is displayed on Case Search,] and determine when any judgment was entered." Id. at 500, 103 A.3d at 616 (cleaned up). Indeed, "docketing under [Maryland Rule 2-601] is one of the steps that ensures that litigants, third parties, and the public have access to the disposition of every civil claim brought in Maryland's circuit courts." Id. at 500, 103 A.3d at 616 (cleaned up). Requiring compliance with Maryland Rule 2-601(b)(3) satisfies these goals.

Additionally, we note that, in Hiob, id. at 480, 103 A.3d at 604, this Court observed that, in construing the separate document requirement of Maryland Rule 2-601, we utilized the same principles as the federal courts, including mechanical application to determine "whether an appeal is timely" and construing the requirement "to favor . . . preservation of appeal rights." (Cleaned up). The same principles apply to the entry of judgment requirements of Maryland Rule 2-601(b). Requiring that the entry of a judgment and date of the entry of the judgment be made available to the public through Case Search is an application of Maryland Rule 2-601(b) that interprets the entry of judgment requirements in favor of preserving appeal rights. Indeed, requiring that the docket entry and date of the entry of the judgment be made public through Case Search serves the purpose of providing

a clear date from which the thirty-day appeal period set forth in Maryland Rule 8-202(a) begins to run.

Applying our holding to the instant case leads to the conclusion that neither Docket Entry 14000 nor Docket Entry 6000, as originally set forth in Case Search, satisfied the requirements of Maryland Rule 2-601(b)(3). We turn first to Docket Entry 14000, as that is easily disposed of. Docket Entry 14000 originally appeared through the case search feature on the Judiciary website with the "Document Name" as "Open Court Proceeding" and the description: "Hearing o[n] Motion[ ]DEF Motion to Vacate Judgment is denied[ ]PLT to prepare and submit Order[.]" (Bolding omitted). The "File Date" for Docket Entry 14000 is "06/02/2016" and the "Entered Date" is "06/06/2016[.]" By noting that the plaintiff, *i.e.*, Petitioner, was to prepare and submit an order, Docket Entry 14000 failed to clearly state that a judgment had been rendered and entered. More significantly, however, it is unclear from Docket Entry 14000 what event the "Entered Date" of "06/06/2016" refers to, *i.e.*, whether that date was supposed to reflect the date of entry of the judgment, the date that the clerk entered information onto the docket, or some other date, thereby failing to satisfy the requirements of Maryland Rule 2-601(b)(3). Additionally, according to the circuit court's December 29, 2017 memorandum, Docket Entry 14000 was based on a hearing sheet reflecting the hearing results, and the hearing sheet was dated June 2, 2016, and was entered into the ECMS on June 6, 2016. Notably, the circuit court expressly stated that the entry of the hearing sheet was simply that—entry of a hearing sheet with hearing results—and was not an order or intended to have the effect of an order. As such, we have no difficulty in concluding that Docket Entry 14000, especially in light of the circuit court's

explanation, did not reflect the entry of the judgment or the date of the entry of the judgment as required by Maryland Rule 2-601(b)(3).

We conclude that Docket Entry 6000, as it originally appeared through Case Search, failed to satisfy Maryland Rule 2-601(b)(3). Significantly, the information initially contained in Docket Entry 6000 was confusing, or, at the very least, ambiguous, as to whether a judgment was even entered as required by Maryland Rule 2-601(b)(2) and, if so, what the date of entry of the judgment was, as required by Maryland Rule 2-601(b)(3). Docket Entry 6000 stated that the "Decision" was "Denied[,]" but it is far from clear whether that notation reflected that a judgment contained in a separate document was entered and that the docket entry was to serve as entry of a judgment. More problematic, though, was that the date of the entry of the judgment could not be discerned. Docket Entry 6000, as it originally appeared through Case Search, failed to provide a date of the entry of the judgment, and certainly did not plainly state that judgment had been entered on June 3, 2016, thereby failing to satisfy the requirement of Maryland Rule 2-601(b)(3) that the date of the entry of the judgment be made available to the public through Case Search.

Aside from the "File Date" and "Entered Date" of March 24, 2016, which did not reflect the date of the entry of the judgment, the original Docket Entry 6000 contained two other dates that were not in any way tied to the circuit court's decision or judgment. Specifically, the last line of Docket Entry 6000 stated: "04/20/16 per [circuit court j]udge []: Set for hearing[ ]Copies mailed[ ]06/03/16 copies mailed[.]" It is possible to infer that April 20, 2016, was the date that the circuit court judge set the motion in for a hearing. The notation "06/03/16 copies mailed[,]" however, did not refer to what was mailed, or provide

- 38 -

any indication that the item mailed was an order denying the motion, or that such an order was entered on June 3, 2016. Most significantly, the notation "Decision: Denied" was undated. As the Court of Special Appeals explained:

> [B]ased on the information then available through the Judiciary website, the only way a litigant or a member of the public would know that a separate document reflecting the judgment was entered on June 3, 2016 would be to make at least three separate assumptions: (1) the ruling of "Denied" was reflected in a separate document constituting a judgment; (2) the word "copies" included in the phrase "06/03/16 copies mailed," which appears at the end of the grammatically-challeng[ed] final line of text at the bottom of the entry, refers to copies of that separate document; and (3) the date on which the copies were mailed was also the date the judgment was entered into the electronic case management system.

Won Sun Lee, 240 Md. App. at 68, 201 A.3d at 14. In short, Docket Entry 6000, in its initial form, failed "to provide the public [and] litigants [] with a clear indication of when [a] judgment [was] entered." Hiob, 440 Md. at 495, 103 A.3d at 613. Indeed, as the Court of Special Appeals's opinion explains, the litigants and the public would have had to make several assumptions to conclude that Docket Entry 6000 reflected the entry of the judgment and date thereof, meaning that the date of the entry of the judgment was not available to the public through Case Search as required by Maryland Rule 2-601(b)(3). Cf. id. at 496, 103 A.3d at 613 ("A determination that a final judgment exists based on assumptions of implied finality is not the type of clear indication that judgment has been entered envisioned by the [then-]current version of [Maryland] Rule 2-601.").

At bottom, an entry of a judgment on either Case Search or the ECMS should be clear as to what the date of the entry of the judgment is. Docket Entry 6000, as originally set forth, is simply not clear as to the date of the entry of the judgment. The docket entry

failed to provide notice to the public of the date of the entry of the judgment as required by Maryland Rule 2-601(b)(3), and thus did not trigger the thirty-day appeal period set forth in Maryland Rule 8-202(a). Accordingly, Respondent's notice of appeal was premature when it was filed on July 6, 2016, because the judgment concerning the motion to vacate had not been entered as provided in Maryland Rule 2-601(b). Tellingly, at some point after July 2016, Docket Entry 6000 was revised and now appears on Case Search with the line: "Decision: Denied – 06/03/2016[.]" Won Sun Lee, 240 Md. App. at 56, 201 A.3d at 7. The updated Docket Entry 6000 now includes a clear indication that the decision to deny the motion to vacate was entered on June 3, 2016, thereby providing notice to the public of the date of the entry of the judgment. Pursuant to Maryland Rule 8-602(f), "[a] notice of appeal filed after the . . . signing by the trial court of a[n] order . . . but before entry of the . . . order . . . on the docket shall be treated as filed on the same day as, but after, the entry on the docket." It is undisputed that Docket Entry 6000 was updated at some point after July 6, 2016, the date that the notice of appeal was filed. Thus, although the notice of appeal was premature when it was filed, it is to be treated as being filed on the same day as, but after, the entry on the docket, and the appeal may proceed.

The version of Maryland Rule 2-601 that became effective on July 1, 2015, was adopted to accommodate changing technology and to make the date of the entry of the judgment clear and accessible to the public. Nothing in this opinion should be read to prohibit the Rules Committee from taking another look at Maryland Rule 2-601 and from proposing amendments to the Rule. However, with Maryland Rule 2-601 in its current form, an entry of a judgment must comply with both Maryland Rule 2-601(b)(2) and

- 40 -

Maryland Rule 2-601(b)(3) to be effective and start the thirty-day appeal period.

## II.

### The Parties' Contentions

Petitioner contends that the judgment obtained in federal court was properly recorded in the circuit court as a judgment—not a lien—and that the renewal of that judgment was timely, as it occurred before twelve years had passed. Petitioner notes that both Maryland Rule 2-623 and Maryland Rule 2-601 refer to recording and indexing judgments of another court, *i.e.*, the provisions refer only to judgments, not liens. Petitioner asserts that nothing in the Code of Maryland or the Maryland Rules converts a recorded and indexed money judgment into a lien. Petitioner maintains that, in this case, the circuit court clearly recorded the federal judgment, and the clerk entered it onto the docket as a judgment on June 1, 2004. In short, Petitioner contends that, "because the State [j]udgment was not merely a lien, the Court of Special Appeals erred in reversing the [c]ircuit [c]ourt's finding that the State [j]udgment, which was a federal court money judgment recorded and indexed, could be renewed."

Respondent counters that the Court of Special Appeals was correct in holding that the circuit court erred in denying the motion to vacate. Respondent contends that Petitioner's request to file a notice of lien created a lien, not a new Maryland judgment, in the circuit court. Respondent argues that, had Petitioner wanted to obtain a Maryland judgment based on the federal judgment, he could have done so under the Uniform Enforcement of Foreign Judgment Act, which allows a judgment creditor to enroll a foreign judgment in a Maryland court. Respondent asserts that the clerk's erroneous reference to

the lien as a "judgment" on the ECMS did not transform the lien into a judgment.

Respondent maintains that, under Maryland Rule 2-625, the lien could not be renewed after the federal judgment had expired. Respondent contends that, by its plain language, Maryland Rule 2-625's twelve-year enforcement or renewal period applies only to money judgments, not liens. Respondent argues that the existence of a lien depends on the existence of an underlying judgment, and that a lien is extinguished when the underlying judgment expires. According to Respondent, the federal judgment expired twelve years after its date of entry, on July 23, 2014, and the lien expired at that time as well because it was dependent on the federal judgment. As such, Respondent asserts that, when Petitioner filed the request to renew judgment on July 23, 2015, there was nothing to renew, and the circuit court erred in denying the motion to vacate the renewal of the judgment.

**Relevant Law**

A money judgment is "a judgment determining that a specified amount of money is immediately payable to the judgment creditor. It does not include a judgment mandating the payment of money." Md. R. 1-202(q); see also Md. Code Ann., Cts. & Jud. Proc. (1974, 2013 Repl. Vol.) ("CJ") § 11-401(c). By contrast, a lien is a mechanism that allows a debt, such as a money judgment, to be satisfied out of a particular property. See Montgomery Cty. v. May Dep't Stores Co., 352 Md. 183, 195, 721 A.2d 249, 255 (1998) ("A lien is a right given by contract, statute, or rule of law to have a debt or charge satisfied out of a particular property." (Cleaned up)); see also *Lien*, Black's Law Dictionary (11th ed. 2019) (A lien is "[a] legal right or interest that a creditor has in another's property,

lasting usu[ally] until a debt or duty that it secures is satisfied."). And, "[a] judgment lien is a general lien on real property signifying the right of the judgment creditor to order the sale of all or part of the debtor's property to satisfy the judgment." Kroop & Kurland, P.A. v. Lambros, 118 Md. App. 651, 664, 703 A.2d 1287, 1293 (1998) (citations omitted); see also *Judgment Lien*, Black's Law Dictionary (A judgment lien is "[a] lien imposed on a judgment debtor's nonexempt property[ and] gives the judgment creditor the right to attach the judgment debtor's property."). Thus, a money judgment establishes a debt, whereas a lien is a mechanism that may be used to enforce it.

Judgments and liens are created through different processes. A judgment is created through "a rendition of the judgment by the court[ and] entry of the judgment by the clerk." Hiob, 440 Md. at 485, 103 A.3d at 607 (citation omitted). A rendition of a judgment "is the court's pronouncement of its decision upon the matter submitted to it for adjudication[,]" and an entry of a judgment occurs where the judgment is set forth on a separate document and entered in accordance with Maryland Rule 2-601. Id. at 485-86, 103 A.3d at 607-08 (cleaned up). By contrast, a lien of a money judgment is created by recording and indexing a previously rendered and entered money judgment. For example, Maryland Rule 2-621(a) provides that "a money judgment that is recorded and indexed in the county of entry constitutes a lien from the date of entry in the amount of the judgment and post-judgment interest on the defendant's interest in land located in that county." And, Maryland Rule 2-621(b) provides that "a money judgment that is recorded and indexed pursuant to [Maryland] Rule 2-623(a) constitutes a lien from the date of recording in the amount of the judgment and post-judgment interest on the defendant's interest in land

- 43 -

located in the county of recording."

Likewise, CJ § 11-402(b) provides:

If indexed and recorded as prescribed by the Maryland Rules, a money judgment of a court constitutes a lien to the amount and from the date of the judgment on the judgment debtor's interest in land located in the county in which the judgment was rendered except a lease from year to year or for a term of not more than five years and not renewable.

The term "court" "means a court of law or a court of equity and includes the United States District Court for the District of Maryland[.]" CJ § 11-401(b). And, Maryland Rule 2-601(c)(1) provides that, "[p]romptly after entry, the clerk shall [] record and index the judgment . . . in the judgment records of the court[.]" Maryland Rule 2-623(a)(1) similarly requires that the clerk, upon receipt, "record and index" a "certified or authenticated" judgment of another court, including a judgment entered by "a court of the United States[.]" As stated above, recording and indexing such a judgment creates a lien. See Md. R. 2-621(a), (b).

As to a money judgment, Maryland Rule 2-625 provides that "[a] money judgment expires 12 years from the date of entry or most recent renewal. At any time before expiration of the judgment, the judgment holder may file a notice of renewal and the clerk shall enter the judgment renewed."

**Analysis**

Here, in complete agreement with the Court of Special Appeals, we hold that the circuit court erred in denying the motion to vacate the renewal of the judgment. See Won Sun Lee, 240 Md. App. at 76, 201 A.3d at 18. Petitioner's 2004 request to file a notice of lien based on the federal judgment, and the clerk's recording and indexing of the federal

judgment, created a lien against Respondent's property in Howard County, not a new judgment. Maryland Rule 2-625, which applies to money judgments only, does not authorize the renewal of a lien. In this case, the federal judgment was not renewed, and it expired after twelve years in 2014, thereby extinguishing the lien that was predicated on it. When Petitioner sought to renew the judgment in 2015, neither the 2002 federal judgment nor the lien that had been created in 2004 when the federal judgment was recorded and indexed in Howard County were effective, and there was nothing left to renew.

Pursuant to CJ § 11-402(b) and Maryland Rules 2-621(a) and 2-623(a), Petitioner's 2004 filing—the Request to File Notice of Lien based on the federal judgment—and the subsequent indexing and recording of the federal judgment by the clerk created a lien against Respondent's land in Howard County. The request to file a notice of lien could not, and did not, create a new judgment. The record reveals the following sequence of events. On July 23, 2002, Petitioner obtained a money judgment against Respondent in the United States District Court for the District of Maryland. Less than two years later, on May 21, 2004, in the circuit court, Petitioner filed the Request to File Notice of Lien based on the federal judgment. In other words, at that time, Petitioner understood that his filing in the circuit court would create a lien based on the federal judgment, not a new judgment. On June 1, 2004, the clerk made the following two docket entries: "Notice of Lien of Judg[]ment Received From United States District Court"; and "Judgment entered on 06/01/04[.]" That the clerk may have erroneously noted on the docket that "judgment" was entered on June 1, 2004, does not transform the lien into a judgment. Indeed, the applicable Maryland statutes and Rules clearly provide that the 2004 filing created a lien, not a

judgment. The clerk's inaccurate description in a docket entry does not change a lien into a judgment.[14] In short, the 2004 filing in the circuit court, and the clerk's recording and indexing of the federal judgment, created a lien, not a new judgment.

Over a decade passed, and, on July 23, 2015, Petitioner filed a Request to Renew Judgment, stating that the judgment had not expired and requesting that the circuit court renew the judgment. On July 28, 2015, the clerk entered the Notice of Renewed Judgment on the docket. Maryland Rule 2-625 makes clear, however, that, although a money judgment is subject to renewal before expiration, a lien is not. By its plain language, Maryland Rule 2-625 authorizes the renewal of a judgment, not a lien. Indeed, Maryland Rule 2-625 addresses only the expiration and renewal of judgments, not their creation. And, Maryland Rule 2-625 plainly links expiration and renewal of a judgment to the date of entry of the judgment, not to the date of the creation of a lien based on the judgment. Specifically, Maryland Rule 2-625 provides that the judgment holder may file a notice of renewal "[a]t any time before expiration of the judgment[,]" which "expires 12 years from the date of entry or most recent renewal." Maryland Rule 2-625 does not purport to authorize the renewal of a lien, or to base renewal of a judgment on the date of the creation

---

[14]Under the Uniform Enforcement of Foreign Judgments Act, CJ §§ 11-801 to 11-807, Petitioner could have filed, *i.e.*, enrolled, the federal judgment in the circuit court, which would have had "the same effect and [would have been] subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it [was] filed." CJ § 11-802(b). Petitioner would have had to follow the procedures set forth in the Uniform Enforcement of Foreign Judgments Act to do so. Petitioner has not contended that he followed these procedures, and the record contains no information indicating that Petitioner sought to enroll the federal judgment in the circuit court.

- 46 -

of a lien arising out of the judgment.

Simply put, the lien that Petitioner obtained in 2004 could not be renewed under Maryland Rule 2-625. In any event, as far as the record reveals, the federal judgment was not renewed, and it expired after twelve years on July 23, 2014, thereby extinguishing the lien as well. Federal Rule of Civil Procedure 69(a)(1) provides that the procedure for execution of a money judgment "must accord with the procedure of the [S]tate where the court is located" unless governed by a federal statute. Because no federal statute applied here, the federal judgment was governed by Maryland law, including the provision in Maryland Rule 2-625 that a money judgment expires twelve years from the date of entry or the most recent renewal. Applying Maryland Rule 2-625 here means that the federal judgment expired twelve years after its entry on July 23, 2002—*i.e.*, on July 23, 2014. As such, by July 23, 2015, the date that Petitioner ostensibly sought renewal of the judgment, the federal judgment had expired and could not be renewed. As the Court of Special Appeals stated:

> A notice of renewal filed after the expiration of the 12-year period is ineffective because a judgment no longer exists to be renewed, and the clerk may not renew the judgment on an untimely notice. The date of [an] entry of [a] judgment from which the 12-year period is measured is the date the judgment was originally entered under Rule 2-601.

Won Sun Lee, 240 Md. App. at 75, 201 A.3d at 18 (quoting Paul V. Niemeyer, et al., *Maryland Rules Commentary* 685-86 (4th ed. 2014)).

At the risk of stating the obvious, the existence of a lien necessarily depends on the existence of the predicate money judgment. When the judgment expires, the lien is also extinguished. Indeed, "[u]nder Maryland law, a judgment lien is a general lien on real

property of the debtor and signifies only the right of the judgment creditor to order the sale of the debtor's property to satisfy his [or her] judgment." Chambers v. Cardinal, 177 Md. App. 418, 436, 935 A.2d 502, 513 (2007) (cleaned up). Stated otherwise, a lien is wholly dependent on the existence of a valid judgment that needs satisfaction. In this case, when Petitioner sought to renew the judgment in 2015, a year after the federal judgment expired, neither the 2002 federal judgment nor the lien that had been created in 2004 when the federal judgment was recorded and indexed in Howard County were effective, and there was nothing left to be renewed. The clerk thus erroneously entered the notice of renewed judgment on the docket and the circuit court erred in denying the motion to vacate.

> **JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.**